## SHEEHEY v. COKLEY.

1. **Slander**: JUSTIFICATION. In an action for slander proof that a woman has had sexual intercourse with her affianced does not constitute a justification for calling her a whore.

2. ———: EVIDENCE: REPUTATION. To repel the assault upon her character, she may introduce evidence to show that her general reputation for chastity is good.

*Appeal from Mahaska District Court.*

MONDAY, APRIL 24.

PLAINTIFF alleges that she is, and in the month of January, 1873, was a married woman, and that at that time the defendant, in the presence and hearing of the father and brother of plaintiff, and of three other persons, called her a whore. Damages are claimed in the sum of ten thousand dollars.

The answer denies all the allegations of the petition, and by way of mitigation alleges that he was attacked by the father and brothers of plaintiff, and made whatever statements he did make while excited and angry.

The defendant filed an amended answer admitting that he called plaintiff a whore and alleging that while unmarried the plaintiff had sexual intercourse with Edward Sheehey and

others, and that she was delivered of a living child begotten while she was unmarried; that she often conducted herself in a lewd and licentious manner and made indecent proposals.

The plaintiff replied denying all the allegations of the answer.

There was a jury trial and a verdict and judgment for plaintiff. Defendant appeals.

*Crookham & Gleason*, for appellant.

*W. S. Kenworthy* and *H. G. Curtis*, for appellee.

DAY, J.—I. The plaintiff proved the speaking of the words alleged. Upon the part of the defendant it was proved that plaintiff was married on the 28th day of October, 1871, and that she was delivered of a child on the 8th day of April, 1872. It was also proved that she had sexual intercourse with Edward Sheehey on the 18th day of October, 1871. There was also evidence tending to show that plaintiff made an indecent exposure of her person, and otherwise conducted herself in a licentious manner.

Plaintiff in rebuttal testified that, at the time she had sexual intercourse with Edward Sheehey, they were engaged to be married, which was also the case at the time her child was begotten. The plaintiff also introduced about thirty witnesses who testified that before her marriage her reputation for chastity was good, and that her pregnancy was the only thing they ever heard against her chastity.

The court gave twenty-nine instructions, none of which were excepted to at the time they were given. One of the grounds of the motion for a new trial is that the court erred in each instruction given to the jury; but no ground of objection to the instructions given is stated. No question as to these instructions is properly presented for our determination. Code, Section 2789. This, however, is immaterial, as the question discussed has been saved by an exception to the refusal to give instructions asked. The principal question presented arises upon the refusal of the court to instruct the jury as follows: "If you find from the evidence that the

plaintiff within three years previous to the speaking of the slanderous words, while single and unmarried, did have sexual intercourse with any person, the plea of justification is sustained, and the plaintiff cannot recover. A charge imputing to a female a want of chastity is governed by the same rules of law which govern an accu-ation, subjecting the accused to criminal punishment; and, if the charge of a want of chastity is once sustained, no subsequent conduct on the part of plaintiff will prevent nor avoid the penalty of the violated law."

The only act of sexual intercourse proved was committed with Edward Sheehey, to whom plaintiff was betrothed, and whom she shortly afterward married. That this was an act involving a high degree of moral turpitude must be admitted. The instruction asked announces the doctrine that it justified the defendant after her marriage in calling her a whore. This word must be taken in its natural and ordinary acceptation. The common understanding recognizes a well defined distinction between one who yields to the embraces of her affianced under promise and expectation of marriage, and one to whom the character of whore properly attaches. A whore is a woman who practices unlawful commerce with men, particularly one that does so for hire; a harlot; a concubine; a prostitute. It is true a woman may acquire the character of a whore without being generally accessible to men. She may be the mistress of one and chaste toward all others. But in common parlance a vast difference is recognized between such a person and her who yields only to the solicitations of her affianced. And whilst such conduct does stain the character, and is a grave offense against morality, still we are very clearly of opinion that it ought not to furnish a justification for calling the offending party a whore. The case of *Alcorn v. Hooker*, 7 Blackford, 58, announces a contrary doctrine; but the case seems not to have been well considered, and one of three justices comprising the court dissented.

II. The defendant assigns as error the permitting of the plaintiff to prove her good reputation for chastity. We think, though not without some doubt, that this action of the court was correct.

*1. SLANDER: justification.*

*Houghtaling v. Kelderhouse*, 2 Barbour, 159, s. c., 1 N. Y., 530, was an action of slander, for charging the plaintiff

2. ——: evidence: reputation. with having killed the defendant's horses by administering poison to them. The defendant gave notice of justification, and proved facts and circumstances tending to show that plaintiff was guilty of having poisoned his horses. The plaintiff, in rebuttal, offered to prove that his general reputation was good, and the court held that this testimony was properly rejected. We have no doubt that the question was properly ruled in that case. The defendant introduced evidence tending to show that the plaintiff was guilty of the specific act with which he was charged, viz: poisoning defendant's horses. The plaintiff could not parry this evidence, or weaken its effect by proving that his general reputation was good. But the case at bar seems to us to come under a somewhat different principle. The charge against plaintiff, that she is a whore, involves the idea that her offenses against chastity were public and notorious. The charge is sought to be established by proof of moral delinquencies, which, however much they are to be condemned, do not necessarily lead to the conclusion that her character was such as was charged, but from which the jury, perhaps, might infer it to be such. Proof then, that her general reputation for chastity was good, would tend to show that, of whatever indiscretions she had been guilty, her irregularities had not been of such a nature as to impress upon her the character of a whore, and would thus tend to rebut any presumption that she was such, which might otherwise arise from the circumstances proved by defendant. True, the plaintiff may have been a whore, without having established the reputation of being such. And, if she had been proved to be such, proof that her reputation for chastity was good would not be admissible. But when the proof is directed simply to facts, from which the inference that she is a whore may be drawn, but which at the same time are not inconsistent with the conclusion that her character is not such, she may, we think, throw into the scale her general reputation for chastity.

The judgment of the court below is    AFFIRMED.