TERRITORY OF MONTANA, respondent, *v.* DOOLEY, appellant.

CRIMINAL LAW — *Assault with intent to commit murder, and assault and battery.* — Under an indictment charging the statutory offense of assault with intent to commit murder, a defendant cannot be convicted of a simple assault and battery. If the indictment were properly drawn, under the statute, it would support a conviction for a simple assault. Battery is not an essential part of the assault with intent to commit murder. If a charge of assault and battery is contained in the indictment therewith, two separate offenses would be charged.

An indictment, bad for the main offense charged, will not be good to support a charge or conviction for a lesser offense that might be necessarily included.

*Appeal from Second District, Deer Lodge County.*

THOS. L. NAPTON, for appellant.

The defendant was tried for an assault with the *intent* to commit murder, and found guilty by the jury of *assault* and *battery.* The defendant appeals from the judgment, and relies upon the judgment roll.

1. The indictment does not state facts sufficient to justify the entry of judgment on the verdict of the jury, in that it does not charge who the particular person was whom the defendant assaulted with intent to commit murder, or any other offense. It does state that he assaulted and battered Julius Erich, but does not charge any intent on his (defendant's) part to do so; and this charge of the assault and battery is only by way of a description of *how* the offense was committed, and is nothing but a recital in the indictment. If the indictment should charge the defendant, in its charging clauses, with *assault* and *battery* with intent to murder, this judgment might be valid, if the territory had specified who he intended to murder, or who, by way of recital, he intended to murder. This is absolutely necessary in order to enter any judgment in the case. This indictment is in part from Archbold's Practice and Pleading in Criminal Cases, but

the very essential thing to allege is left out. See Wharton's Precedents, vol. 1, 242; 2 Bishop's Crim. Law, sec. 644; Archbold's Pr. and Pl. vol. 2, p. 71; *State* v. *Patrick*, 3 Wis. 812; 28 Am. Rep. 3; 31 Am. Rep. 257; 36 Am. Rep. 8; *Lacefield* v. *State*, 34 Ark. 275; *State* v. *Miller*, 25 Kans. 699; *State* v. *Chendy*, 67 Mo. 41; Bishop on Statutory Crimes, secs. 502, 503, 505, 506.

Assault with intent to murder does not include a battery. It is not a necessary or component or constituent part thereof, and not being charged with it, defendant cannot be found guilty thereof. See *People* v. *Keefer*, 18 Cal. 636; *People* v. *Lightner*, 49 Cal. 228; *People* v. *English*, 30 Cal. 214.

. The jury being discharged without a proper verdict, the judgment should have been for defendant.

THOS. J. LOWREY, Attorney General, for respondent.

The only question presented is: "Does the indictment state facts sufficient to support the verdict?"

It is immaterial for the purposes of this argument whether the indictment was intended to charge the crime of an assault and battery with intent to commit murder, which would include the statutory offense of assault with such intent.

It is conceded that the indictment, as claimed by the learned counsel for the appellant, fails to state facts sufficient to constitute the statutory crime of assault with intent to murder, because it does not state who the defendant intended to murder.

As a matter of fact, the indictment sets forth every element of the offense of assault and battery, and perhaps nothing more. If it also is sufficient to sustain a verdict for assault with intent to kill, the appellant certainly cannot complain that the jury convicted on the smallest charge. The substance of the indictment is: "That Patrick Dooley, on October 28, 1881, at Deer Lodge, etc., did wilfully, unlawfully and feloniously make an assault

upon Julius Erich with a pistol, which he then and there had and held, charged with gunpowder and a leaden bullet, which pistol the said Patrick Dooley then and there shot off against the said Julius, etc., in this manner, and by means aforesaid did unlawfully wilfully and feloniously strike, penetrate and wound said Julius," etc.

That this constitutes a full and complete accusation of the crime of assault and battery cannot be seriously denied. The additional sentence, " with intent then and there unlawfully, wilfully and feloniously to kill and murder," not stating whom, may well be disregarded as surplusage, as it evidently was in the court below.

With this view of the case, it is immaterial as to whether the offense of assault and battery is necessarily included in the offense of assault with intent to murder or not.

This indictment charges a battery, which would not be a necessary ingredient in a charge of "assault with intent," but would properly be in such an indictment, but is necessary to support this verdict. Under this condition of the case the authorities cited by the appellant undoubtedly support the integrity of the judgment appealed from.

Under this indictment the jury might well have found defendant guilty of an assault with a deadly weapon, or assault and battery, or simple assault, but probably a verdict of guilty of assault with intent to murder would be bad on motion for arrest of judgment.

WADE, C. J.   This appeal presents one question only, viz.: Can a defendant, under an indictment charging him with an assault with intent to commit murder, be lawfully convicted of an assault and battery?

Our statute provides that "an assault with intent to commit murder shall subject the offender" to the punishment therein provided. Under this statute a battery is not necessary to an assault with intent to commit

murder. It does not necessarily form one of the elements of that crime. It is not one of the essential parts thereof, and is not necessarily included therein. An assault with intent to commit murder may be perfect and complete without a battery. If, therefore, an indictment charging a defendant with an assault with intent to commit murder also charges an assault and battery, it is subject to the objection that it charges two offenses in one indictment, which our statute forbids.

The statute does not authorize the charge of an *assault and battery* with intent to commit murder, but an assault with such intent, and, though the indictment may recite a battery in connection with and as the consummation of the assault, such recital forms no part of the charge. It follows, therefore, that under such an indictment the only crimes for which a defendant might be convicted would be an assault with intent to commit murder, and a simple assault.

The defendant was tried as for an assault with intent to murder. The indictment did not support the charge, and the objection to it ought to have been sustained.

The indictment being bad as an indictment for an assault with intent to murder, it cannot support a charge of a lesser crime, which, if the indictment were good, would necessarily be included in it. The lesser falls with the greater. The elements that make up an indictment for an assault with intent to murder have no vitality as independent charges, after the main charge upon which they depend fails. The defendant must know with absolute certainty for what he is being tried.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*