Points Decided.

(January 13, 1913.)

# In the Matter of the Application of NORMAN D. McLEOD for a Writ of Habeas Corpus.

[128 Pac. 1106.]

MURDER—CRIMES INCLUDED IN MURDER—DEGREE OF CRIME—ASSAULT WITH DEADLY WEAPON—INJURY—VERDICT.

(Syllabus by the court.)

1. An information in which it is charged that "said Norman D. McLeod, on or about the 19th day of October, 1912, at Rocky Bar, Idaho, and prior to the time of filing this information, did then and there wilfully, unlawfully, feloniously and with malice aforethought, kill and murder one George Guay, a human being. All of which is contrary to the form and force of the statute in such cases made and provided, and against the peace and dignity of the state of Idaho," is sufficient, and charges the crime of murder under the provisions of sec. 6560, Rev. Codes.

2. Under the provisions of sec. 6560, Rev. Codes, "Murder is the unlawful killing of a human being, with malice aforethought"; and sec. 6562, Rev. Codes, defines the degrees of murder as follows: "All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate, and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, or mayhem, is murder of the first degree. All other kinds of murder are of the second degree." Sec. 6565 defines manslaughter: "Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds: 1. Voluntary. . . . . 2. Involuntary."

3. Sec. 6727, Rev. Codes, defines an assault as an unlawful attempt, coupled with a present ability to commit a violent injury upon the person of another; and sec. 6732, Rev. Codes, provides: "Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by means or force likely to produce great bodily injury, is punishable by imprisonment in the state prison not exceeding two years, or by fine not exceeding five thousand dollars, or by both."

4. Sec. 7925 provides: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

5. Sec. 7926, Rev. Codes, provides: "The jury may find the defendant guilty of any offense, the commission of which is neces-

sarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

6. Where an information is filed against a defendant, charging such defendant with the crime of murder, and such information charges the defendant with wilfully, unlawfully, feloniously and with malice aforethought killing and murdering one George Guay, a human being, and there is no allegation as to the manner or means of the killing, the defendant can only be convicted upon said charge of the crime of murder, which includes murder in the first degree, murder in the second degree and manslaughter.

7. The crime of assault with a deadly weapon or instrument is not necessarily included in the statutory definition of murder, and unless the information charging murder also alleges an assault, the defendant cannot be convicted of an assault with a deadly weapon, or instrument, or an assault, where the information does not contain an allegation that the murder was committed by an assault with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury.

8. Where an information charges murder in the language of the statute only, the person charged may be found guilty only of murder in one of the degrees specified in the statute—murder in the first degree, murder in the second degree or manslaughter, if the evidence warrants such a finding. If, however, the information had charged murder by an assault upon the person of another with a deadly weapon or instrument, the jury could have found the defendant guilty of murder in any of the degrees, and also of the crime of assault with a deadly weapon or instrument, if the evidence warranted such a finding.

9. *Held*, in this case, that the defendant having been charged with murder and found guilty of an assault with a deadly weapon, justifies this court in holding that the defect in the verdict of the jury and the judgment is not sufficient to release the petitioner, provided the county attorney files a complaint against the petitioner within five days after the judgment in this case is transmitted to the clerk of the district court of Elmore county; but if the information is not filed, then the facts justify and authorize the petitioner's release.

Application for writ of *habeas corpus*. Writ conditionally granted.

E. M. Wolfe and Wyman & Wyman, for Petitioner.

The information is in the most contracted form, barely sufficient with the aid of the statute to make a charge of

murder. Without the aid of the statute, it would not be good
for that purpose. The language thus used in connection with
sec. 6732 does not constitute the crime of assault with a
deadly weapon.

The information does not charge that the murder was com-
mitted with an instrument either deadly or otherwise. There-
fore it cannot charge an assault with a deadly weapon.

Under these conditions, and under the scant pleadings the
authorities hold that the lesser offense is not included in
the greater, and the verdict is void, and defendant must be
discharged. (*People v. Murat*, 45 Cal. 281; *Mapula v. Terri-
tory*, 9 Ariz. 199, 80 Pac. 389; *Bryant v. State*, 41 Ark. 359;
*Lindsey v. State*, 53 Fla. 56, 43 So. 87; *Goldin v. State*, 104
Ga. 549, 30 S. E. 749; *State v. Miller*, 124 Iowa, 429, 100 N. W.
334; *State v. Desmond*, 109 Iowa, 72, 80 N. W. 214; *Beck-
with v. People*, 26 Ill. 500; *Terhune v. Commonwealth*, 144
Ky. 370, 138 S. W. 274; *State v. Way*, 76 Kan. 928, 93 Pac.
159, 14 L. R. A., N. S., 603; *Scott v. State*, 60 Miss. 268;
*People v. Adams*, 52 Mich. 24, 17 N. W. 226; *Territory v.
Dooley*, 4 Mont. 295, 1 Pac. 747; *Alyea v. State*, 62 Neb. 143,
86 N. W. 1066; *State v. Thomas*, 65 N. J. L. 598, 48 Atl. 1007;
*Gorman v. State*, 52 Tex. Cr. 24, 105 S. W. 200; *Cates v.
Commonwealth*, 111 Va. 837, 69 S. E. 520; *State v. Porter*,
48 La. Ann. 1539, 21 So. 125; *State v. Shear*, 51 Wis. 460,
8 N. W. 287; *State v. Romano*, 41 Wash. 241, 83 Pac. 1;
*State v. Ackles*, 8 Wash. 462, 36 Pac. 597; McLain, Crim. Law,
sec. 389; Clark, Crim. Procedure, sec. 356; Wharton, Crim.
Pleadings & Pr., sec. 250; Bishop, New Crim. Law, secs. 794-
798.)

D. C. McDougall, Attorney General, O. M. Van Duyn, J. H.
Peterson, Assistants, W. L. Harvey, and E. H. Hulser, for
the State.

If in any conceivable case, under any possible state of facts,
the verdict can be sustained upon a charge of murder in the
form mentioned in the information, petitioner should be re-
manded to the custody of the sheriff and turned over to

the proper officers of the state penitentiary. (*Ex parte Curnow*, 21 Nev. 33, 24 Pac. 430; *In re Marshall*, 6 Ida. 516, 56 Pac. 470; *Ex parte Knudtson*, 10 Ida. 676, 79 Pac. 641; Rev. Codes, sec. 8354.)

The charge "did wilfully, unlawfully, feloniously and with malice aforethought kill and murder," etc., includes the taking of life by any conceivable means. (*State v. Ellington*, 4 Ida. 529, 43 Pac. 60; *State v. Sly*, 11 Ida. 110, 80 Pac. 1125; *People v. Nichol*, 34 Cal. 211; *Taylor v. People*, 21 Colo. 426, 42 Pac. 652; *People v. Steventon*, 9 Cal. 273.)

When a person is charged with a given offense, he is bound by law to take notice of whatever lesser offense he may be convicted of thereunder, as the law governing the subject matter and practice then stands. (Rev. Codes, sec. 7926; *State v. Burk*, 89 Mo. 635, 2 S. W. 10.)

A fair interpretation of the words "necessarily included in the charge in the information," as used in sec. 7926 of the Rev. Codes, is, that if the evidence on the trial of the facts and circumstances of the offense charged necessarily prove the commission of the minor offense and each and every element thereof, such minor offense is necessarily included in such charge. (*Ex parte Curnow*, 21 Nev. 33, 24 Pac. 430; *State v. Water*, 39 Me. 65; *Hopper v. State*, 54 Ga. 389; *State v. Lessing*, 16 Minn. 75; *James v. State*, 36 Tex. 645; *Bolding v. State*, 23 Tex. App. 172, 4 S. W. 579; *Maddox v. State*, 41 Tex. 205; *State v. Scott*, 24 Vt. 127.)

The test of whether an offense is necessarily included in a major offense is whether the lesser offense could be pleaded in a separate count in the same information under sec. 7681, Rev. Codes, and if it can, then it is included in a charge of the major offense. (Rev. Codes, sec. 7681; *People v. Prague*, 72 Mich. 178, 40 N. W. 243.)

The rule of liberal construction in criminal pleadings prevails in this state; the substantial rights of the defendant were not prejudiced. (*State v. Ellington*, 4 Ida. 529, 43 Pac. 60; *State v. Caldwell*, 21 Ida. 663, 123 Pac. 299; *State v. Shuff*, 9 Ida. 115, 72 Pac. 664; *State v. Ireland*, 9 Ida. 686, 75 Pac.

257; *State v. Squires,* 15 Ida. 545, 98 Pac. 413; *State v. Sly,*
11 Ida. 110, 80 Pac. 1125.)

For complete brief, see *State v. Young,* 22 Wash. 273, 60
Pac. 650, 13 Am. Cr. Rep. 93, and notes; also *Duffy v. State,*
154 Ind. 250, 56 N. E. 209, 14 Am. Cr. Rep. 361, and notes.

STEWART, J.—Norman D. McLeod filed an original
petition in this court for a writ of *habeas corpus.* The peti-
tion alleges his imprisonment and confinement and restraint,
and that such imprisonment, detention and confinement are
illegal for the following reasons: That the county attorney of
Elmore county, on November 11, 1912, filed an information
against the petitioner charging him with murder in the words
and in the manner and form as follows: "That said Norman
D. McLeod on or about the 19th day of October, 1912, at
Rocky Bar, Idaho, and prior to the time of filing this infor-
mation, did then and there wilfully, unlawfully, feloniously
and with malice aforethought, kill and murder one George
Guay, a human being. All of which is contrary to the form
and force of the statute in such cases made and provided and
against the peace and dignity of the state of Idaho."

And that thereafter, on November 22, 1912, while upon
trial for said offense, the jury in said cause rendered a ver-
dict of guilty of assault with a deadly weapon in the words
and form as follows: "We, the jury, empanelled in the above-
entitled cause find the defendant guilty of an assault with a
deadly weapon." That thereafter the judge of the district
court of the fourth judicial district of the state of Idaho,
Hon. C. O. Stockslager, pronounced sentence and entered up
judgment against the petitioner, whereby he sentenced him
to serve a term in the penitentiary of the state of Idaho from
six months to two years.

The contention of the petitioner, and the grounds upon
which the writ is demanded, is, that the district court had no
authority or jurisdiction to try the defendant, the petitioner
herein, for the reason that the crime of which he is charged
was not shown by the information to have been committed
within the county of Elmore, and that the jury did not have

any right, power or authority to find a verdict against the defendant, petitioner herein, upon the information filed for the crime of assault with a deadly weapon, and that the judge of said court had no jurisdiction to pronounce sentence for the crime of assault with a deadly weapon under the information filed against him, for the reason that the crime of assault with a deadly weapon is not necessarily included in the charge of murder, and the information does not state facts sufficient to constitute the offense of assault with a deadly weapon.

A general demurrer was filed to this petition, based upon the ground that the petition did not state facts sufficient to entitle the petitioner to the release sought. The controlling question presented by this demurrer is, where an information is filed against a person, charging such person with murder in the language of the statute, the charging part of such information being in the following form, "that the said Norman D. McLeod, on or about the 19th day of October, 1912, at Rocky Bar, Idaho, and prior to the time of filing this information, did then and there wilfully, unlawfully, feloniously and with malice aforethought, kill and murder one George Guay, a human being. All of which is contrary to the form and force of the statute in such cases made and provided, and against the peace and dignity of the state of Idaho," was it within the power of the jury, and had the jury the authority under the statute to find the defendant guilty of "an assault with a deadly weapon"?

This question is a new one in this state, and likewise in all other jurisdictions. The court's attention has not been called to any case where this identical question has ever been decided, and the court has not been able to discover any authority dealing with the identical question involved in this case. There are many decisions which deal with the question of a charge for murder, and the degrees of murder, and what crimes are included within the general charge of murder. There are other cases which deal with and discuss the means used in the commission of the crime of murder, but there are few cases which deal specifically with the question where the information charges murder without describing the in-

strument or means by which the murder was committed, and where the jury has found the person charged guilty of an assault with a deadly weapon, which has been defined by the statute as a felony and punishable by imprisonment in the state penitentiary.

In determining the question it is necessary to take into consideration and apply several different sections of the penal code of this state. Sec. 6560 defines murder as follows: "Murder is the unlawful killing of a human being, with malice aforethought." Sec. 6562 defines the degrees of murder: "All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate arson, rape, robbery, burglary, or mayhem, is murder in the first degree. All other kinds of murder are of the second degree." Sec. 6565 defines manslaughter: "Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds: 1. Voluntary—upon a sudden quarrel or heat of passion; 2. Involuntary—in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

Different punishment is prescribed by the statute for the different degrees of murder, including manslaughter.

Sec. 6727 defines an assault as an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. Sec. 6732 of the Rev. Codes provides: "Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the state prison not exceeding two years, or by fine not exceeding five thousand dollars, or by both."

Sec. 7925 provides: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

Sec. 7926 provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily

included in that with which he is charged in the indictment, or of an attempt to commit the offense.''

It is admitted that the information in this case is sufficient, and charges the crime of murder, and this court has so held in the following cases: *People v. Butler,* 1 Ida. 231; *State v. Ellington,* 4 Ida. 529, 43 Pac. 60; *State v. Keller,* 8 Ida. 699, 70 Pac. 1051; *State v. Sly,* 11 Ida. 110, 80 Pac. 1125.

This court has also adopted and applied the same rule of construction to criminal proceedings as to pleadings in civil cases. This rule is in effect that the code has provided for the same liberality in pleadings and the construction thereof in criminal cases as in civil cases, and if the substantial facts necessary to constitute the crime charged appear in the indictment or information, it will be held sufficient.

In *State v. Ellington, supra,* this court in defining murder and the degree of murder and the verdict that may be rendered by the jury where the charge is murder, said, quoting from *People v. Ah Choy,* 1 Ida. 317: ''The definition of 'murder' given in the statute is 'the unlawful killing of a human being with malice aforethought, either expressed or implied.' This definition includes both degrees of murder, and it is sufficient if the indictment charges the offense in the language of the statute defining it. This conclusion is supported by many decisions from the supreme court of California, from which state our statutes were taken. The degrees of murder are defined by our statute; and by section 7925 of the Revised Statutes of Idaho it is provided: 'Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty. . . . . It seems to me the answer is unavoidable, as it is conclusive, that the degree of the crime is solely for the trial jury, and it is not requisite or essential that the words defining the degree of murder should be set forth in the indictment to constitute a good indictment for murder in the first degree under our statutes.''

In the case of *State v. Phinney,* 13 Ida. 307, 89 Pac. 634, 12 Ann. Cas. 1079, 12 L. R. A., N. S., 935, this court, after reciting the various sections of the statute, says: ''It should

be borne in mind that all killing which is perpetrated by means of poison is not murder of the first degree, or even murder of the second degree; that all murder so committed is murder of the first degree. Before the jury can find a defendant guilty of murder perpetrated by any means whatever they must find that there has been an unlawful killing with malice aforethought. The fact that the killing has been accomplished by means of poison does not of itself establish malice aforethought. Indeed, a death might be caused by the administration of poison and constitute manslaughter only, or no offense at all." And later in that opinion, after discussing the degrees of murder, the court says: "The crime of murder is divided into first and second degrees, and that charge necessarily includes the crime of manslaughter; and while the statute says that murder committed by means of poison shall be of the first degree, it also says that the jury shall have the right to fix the degree, and it makes no exception where the offense is committed by means of poison *or any one of the other means enumerated as constituting* murder in the first degree."

In that same case this court refers to and approves the case of *State v. Lindsey,* 19 Nev. 47, 3 Am. St. 776, 5 Pac. 822, in which the court was discussing the right of the jury to find a defendant guilty of a crime necessarily included within the charge, where it is said: "A judge should always inform the jury of the degree which the law attaches to murder, by whatever means the crime may have been committed; but in every case it is the province of the jury, if the prisoner is found guilty, to determine and fix the degree by their verdict, and the courts cannot deprive the jury of their right to fix the degree by imperatively instructing them, in a case where the crime was committed by administering poison (or in any other case), that if they find the prisoner guilty they must find him guilty of murder in the first degree."

In the case of *Moore v. State,* reported in 59 Miss. 25, the court had under consideration a section of the statute identical almost with sec. 7926 of the Penal Code of this state, and said: "At common law there could be no conviction for a

misdemeanor on an indictment for felony. That is changed by Code 1880, sec. 3078, so as to authorize a verdict of guilty of the offense as charged, or of any attempt to commit the same offense, or of an inferior offense, or other offense the commission of which is *necessarily* included in the offense charged in the indictment. If an assault was necessarily included in the crime of murder or manslaughter, a conviction for it might be had under an indictment for the felony. But 'there may be manslaughter as well as murder committed where there is no assault, no battery, no wound inflicted.' (2 Bish. Crim. Proc., sec. 538.) And therefore assault and battery, or assault, is not necessarily included in a charge of murder of which assault may or may not have been a constituent according to the circumstances.

"Where an indictment for murder or manslaughter charges an assault and battery, or an assault, the verdict may be for either according to the proof, but under an indictment for murder or manslaughter in the form permitted by Code 1880, sec. 3016, it is not allowable to render a verdict for an assault and battery or an assault, neither of which is charged in terms by the indictment, or *necessarily* included in the offense charged."

This latter case, we think, is directly applicable to the case now under consideration, and in our judgment states a correct rule of construction. The statute of this state defines murder and specifies the degrees, and also defines manslaughter, and under these various definitions this court has held that murder, of both first and second degrees, and manslaughter, are necessarily included in a charge of murder, in the language of the statute, such as the information in this case. An assault with a deadly weapon or instrument, under the provisions of sec. 6732, is not necessarily included in the unlawful killing of a human being, with malice aforethought; and to warrant conviction, the allegations of the information must embrace the offense, or it must necessarily be included in the offense specifically charged. If this were not true, a prisoner could be found guilty, and be punished for an

offense without being accused of the offense of which he is convicted, and this is not justified by law.

In the case last cited the court said: "It is the constitutional right of the accused to demand the nature and cause of the accusation in all criminal prosecutions against him, and he cannot be lawfully convicted of any offense not included in any accusation. (2 Bish. Crim. Proc., sec. 626; Bish. Crim. Law, secs. 794, 798, 803, 809.) If, under the former indictment for murder, which did not contain an allegation of an assault and battery, but charged that the defendant did 'wilfully, feloniously, and of his malice aforethought, kill and murder' the deceased, the appellant had been found guilty of assault or battery or either, we would not have sustained such conviction, because of the absence of an allegation in the indictment of such an offense, and because it is not necessarily included in the offense which was charged."

So, in the present case, murder may be perpetrated by means of poison, lying in wait, torture, or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration, or attempt to perpetrate, arson, rape, robbery, burglary, mayhem, which is murder in the first degree, and all other kinds of murder are of the second degree. So there are many means, weapons and instruments by which murder may be committed, and a general charge of murder does not necessarily charge the commission of the crime with a deadly weapon or instrument.

Under the provisions of sec. 6731, the crime described in that section includes, first, the commission of an assault upon the person of another, and this assault must be made with a deadly weapon or instrument, or by means of force likely to produce great bodily injury. The assault referred to in this section is an assault as defined in sec. 6727, which is, "an unlawful attempt, coupled with a present ability to commit a violent injury on the person of another." There can be no contention that an assault is a necessary element of murder. A murder may be committed without any assault whatever. If that be true, an assault with a deadly weapon would

not necessarily be included in a charge of murder. In *Scott v. State,* 60 Miss. 268, it is held: "A party can only be convicted of a lesser offense than the one charged where the lesser is specifically charged as constituting part of the higher, or by an added count, where the lower is necessarily included in the higher. Our statutory indictment for murder does not embrace in words a charge of an assault, nor is an assault necessarily included in an indictment for murder; since murder may be committed without the commission of an assault, as by laying poison or digging a pitfall. The point is distinctly presented and decided in the case cited, *supra.* When the draftsman of an indictment adopts the statutory form of an indictment for murder, he must add a count for assault and battery, if he desires to fall back upon the lesser offense if the party should be acquitted of the greater."

There are many cases, while not directly in point, yet which deal with questions similar in general character to the one involved in this case, and we cite them: *Territory v. Dooley,* 4 Mont. 295, 1 Pac. 747; *People v. Adams,* 52 Mich. 24, 17 N. W. 226; *In re Milburne,* 59 Wis. 24, 17 N. W. 965; *State v. Thomas,* 65 N. J. L. 598, 48 Atl. 1007.

In the case of *Territory v. West,* 4 Ariz. 212, 36 Pac. 207, the supreme court of Arizona holds: "Where an indictment charges an assault to commit murder, and avers that the assault was made with a weapon which the description shows to be deadly, an assault with a deadly weapon is charged." In that case the indictment charges an assault with intent to murder, and avers that the assault was made with a deadly weapon, and in that case there can be no question but that the last named offense is necessarily included in the former, and for that reason it was held that the jury properly returned a verdict that the defendant was guilty of the lesser offense.

In sec. 7681 of the code it is provided: "The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same

count.'' So, in the present case, the information might have charged the crime of murder in the language of the statute, or the information might have charged murder by an assault upon the person of another with a deadly weapon or instrument. In the first charge the defendant could be found guilty only of murder in one of the degrees specified in the statute— murder in the first degree, murder in the second degree, or manslaughter, if the evidence warranted such a finding. In the second charge, the jury could have found the defendant guilty of murder in any of the degrees, and also of the crime of assault with a deadly weapon or other instrument, if the evidence warranted such finding.

The attorney general, however, argues that where a party is charged with an offense, he is bound by law to take notice of whatever lesser offense he may be convicted of thereunder, as the law governing the subject matter and practice then stands, and that a fair interpretation of the words ''necessarily included in the charge in the information,'' as used in sec. 7926 of the Rev. Codes, is that if the evidence on the trial of the offense charged, in regard to the facts and circumstances of such offense, necessarily proves the commission of the minor offense and each and every element thereof, such minor offense is necessarily included in such charge, and in support of this argument the following authorities are cited: *Ex parte Curnow,* 21 Nev. 33, 24 Pac. 430; sec. 7926, Rev. Codes; *State v. Waters,* 39 Me. 54; *Hopper v. State,* 54 Ga. 389; *State v. Lessing,* 16 Minn. 75; *Bolding v. State,* 23 Tex. App. 172, 4 S. W. 579; *People v. Prague,* 72 Mich. 178, 40 N. W. 243.

The cases cited by the attorney general clearly support the contention he makes. The facts, however, considered in these opinions are different from those in the case now under consideration, and the allegations in the information charging murder were not the same as the allegations in the information now under consideration. Neither was there, in such states, a statute similar to the section of the statute of this state which defines the lesser offense, ''an assault with a deadly weapon,'' and such decisions have no application,

under the statutes of this state, to the facts contained in the information.

We hold, therefore, that the verdict of the jury in this case, finding the defendant guilty of an assault with a deadly weapon, is void, and that the judgment of the trial court based upon such verdict, which committed the petitioner to imprisonment in the penitentiary, was void, and that the imprisonment of the petitioner under said judgment is an illegal restraint of his liberty.

In view of the fact that the petitioner was charged with murder in the language of the statute, and that the jury found the petitioner guilty of an assault with a deadly weapon, we do not feel justified in releasing the defendant until the prosecuting attorney of Elmore county is given notice of this opinion. After he is given such notice, he is granted five days in which to file a complaint before an examining magistrate for a preliminary examination, charging the petitioner with the crime of assault with a deadly weapon, if he thinks the facts justify him in doing so. If such charge is not made within the limit fixed herein, then such petitioner shall be released, and the sheriff of Elmore county is ordered to release the petitioner.

Ailshie, C. J., and Sullivan, J., concur.