## Richmond

### SHIFLETT v. COMMONWEALTH (No. 2).

March 20, 1913.

1. CRIMINAL LAW—*Second Offense—Indictment.*—If it is sought to impose a heavier punishment upon an accused because the offense for which he is being prosecuted is a second or subsequent offense, that fact must be charged in the indictment.

Error to a judgment of the Circuit Court of Greene county.

*Reversed.*

The opinion states the case.

*John S. Chapman,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

This is an indictment for selling ardent spirits without having a license to do so. The jury found the accused guilty and fixed his punishment at a fine of $100 and imprisonment in jail for six months. The trial court refused to set aside the verdict on the ground that the verdict was contrary to law.

The statute under which the accused was prosecuted is the same as that upon which the prosecution was based in the case of the Commonwealth against the accused, in which an opinion has just been handed down, *ante,* p. 876, and to which reference is made for the terms of the statute.

Where the offense for which the accused is prosecuted is his first offense, or is prosecuted only as such, the indictment need not charge it to be the first, for that is presumed (1 Bishop's Cr. Law, sec. 961) ; and in such case the only punishment which the jury can ascertain by their verdict is a fine of not less than $50 nor more than $100. It is only where the accused is being prosecuted for a second or succeeding offense that the jury have any right to impose any punishment in jail. In other words, if the heavier punishment is to be imposed upon the accused because the offense for which he is being prosecuted is a second or subsequent offense, that fact must be charged in the indictment. See opinion in *Shiflett* v. *Commonwealth,* *ante,* p. 876, 77 S. E. 606, handed down to-day, and the authorities cited.

There is no averment in the indictment in this case that the accused had been convicted of a prior offense of like kind, and therefore the jail sentence found by the jury in their verdict and imposed by the judgment of the court was wholly unauthorized, and for that error the judgment of the court must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*