(No. 6693.   October 20, 1939.)

STATE, Respondent v. WILLIAM H. LOVEJOY, Appellant.

[95 Pac. (2d) 132.]

634

James W. Blaine, for Appellant.

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondent.

MORGAN, J.—Appellant was accused, jointly with another, of the crime of burglary. In the complaint filed with the committing magistrate, appellant was also charged with being

a persistent violator of law. This latter accusation was made pursuant to I. C. A., sec. 19–2414, which provides:

"Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to imprisonment in the state penitentiary for not less than five years and said imprisonment may extend to life."

An information was filed by the prosecuting attorney of Ada county against appellant and his co-defendant charging them with burglary and appellant, in addition thereto, of being a persistent violator of law. To the information appellant's co-defendant entered a plea of guilty and appellant entered a plea of not guilty. Thereafter the prosecuting attorney, with the consent of the court, filed an amended information in which he charged the defendants with burglary and in which he omitted the charge against appellant of being a persistent violator of law. Appellant and his co-defendant entered pleas of guilty to the amended information. Appellant's co-defendant was sentenced to imprisonment in the penitentiary for not less than six months nor more than five years and his sentence was commuted by the judge to imprisonment in the county jail of Ada county for a term of eight months.

The minutes of court, which appear in the record, disclose that,

"Upon the request of the court, the prosecuting attorney made a statement of the facts upon which the amended information was predicated, and the defendant (appellant here) was sworn and examined as a witness on his own behalf and for the information of the court."

The minutes further disclose:

"That whereas the said William H. Lovejoy having been duly convicted in this court of the crime of burglary in the second degree; that from the record and admissions of defendant such conviction is the fifth conviction of a felony;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, That the said William H. Lovejoy is guilty of the crime of burglary in the second degree, and also is guilty

of being a persistent violator as provided by Sec. 19–2414 I. C. A. and that he be punished by imprisonment in the state's prison of the state of Idaho for the term of not less than five years nor more than twenty years.''

Judgment was entered against appellant accordingly; he has appealed therefrom and has assigned as error the action of the court in pronouncing judgment against him of conviction of being a persistent violator of law.

A question, kindred to that presented here, was decided by this court in *State v. Scheminisky*, 31 Ida. 504, 174 Pac. 611. Scheminisky was convicted of violating a law prohibiting unlawful possession of, and traffic in, intoxicating liquor, sec. 19, of which was as follows:

''A person having once been convicted of a violation of any of the provisions of this act, except section 16, who thereafter violates the provisions hereof, shall be considered a persistent violator of this act and shall be deemed guilty of a felony and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not less than one year and not more than two years.''

Scheminisky was charged in the information with unlawfully having in his possession intoxicating liquor, which was a misdemeanor. He was also charged therein with having theretofore been convicted of violating the provisions of the prohibition law, other than sec. 16 thereof. He was adjudged to be guilty as charged and, on appeal, contended that the court erred in permitting the prosecuting attorney, on his *voir dire* examination of the jurors to inform them of his previous conviction, and in permitting the clerk to read to the jury that portion of the information so charging him, and in permitting the prosecuting attorney, in his opening statement to the jury, to refer to the fact that he had previously been so convicted.

That case differs from this in that the persistent violation of law, with which Scheminisky was charged, changed the crime from a misdemeanor to a felony, requiring the jury to return a unanimous verdict instead of one joined in by five-sixths of the jurors, as in misdemeanor cases, while in this case, burglary, with which appellant was charged, is a felony for which persistent law violation, if properly plead, and es-

tablished by plea of guilty or unanimous verdict of conviction, authorizes an increase of punishment.

However, we reiterate the following statement made in *State v. Scheminisky*, as pointing the way to a correct decision of the case at bar:

"The weight of authority supports the view that under such statutes where a charge is brought for a second offense, and it is sought to convict and punish a defendant as a persistent violator, the former conviction must be alleged in the indictment or information and proved at the trial."

■ ■ Where it is sought to punish a defendant in a felony case as a persistent violator of law, the former convictions relied on must be alleged in the indictment or information and proved at the trial and the identity of the defendant as the person formerly convicted must be established beyond a reasonable doubt. (*McDonald v. Massachusetts*, 180 U. S. 311, 21 Sup. Ct. 389, 45 L. ed. 542; *Graham v. West Virginia*, 224 U. S. 616, 32 Sup. Ct. 583, 56 L. ed. 917; *Singer v. United States*, 278 Fed. 415; *Massey v. United States*, 281 Fed. 293; *United States v. Moore*, 2 Fed. (2d) 988; *McDonald v. Commonwealth*, 173 Mass. 322, 53 N. E. 874, 73 Am. St. 293; *People v. Sickles*, 156 N. Y. 541, 51 N. E. 288; *People v. Rosen*, 208 N. Y. 169, 101 N. E. 855; *People v. Gowasky*, 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9; *Shiflett v. Commonwealth*, 114 Va. 876, 77 S. E. 606; same case, 114 Va. 880, 77 S. E. 608; *State v. Findling*, 123 Minn. 413, 144 N. W. 142, 49 L. R. A., N. S., 449.)

■ ■ ■ Among the purposes of requiring indictments and informations to be filed and served on the defendant is that he may know exactly what he is accused of and prepare his defense. Not only does the law require the prosecuting attorney to inform the court and the defendant of the nature of the charge, but it requires the accusation to be fairly made to the end that the defendant be not deceived or misled by the pleading. A defendant, accused of a crime, has a right to assume, and to proceed on the theory, that the offense stated in the indictment or information is all he is accused of. If it were otherwise he might enter his plea of guilty and then, after having been misled into waiving his right to trial, find

that his plea, taken together with former convictions, makes him a persistent violator of law and renders him liable to punishment many times as great as that prescribed by statute for the offense, the commission of which, he has admitted by his plea.

In this case appellant was first accused of burglary and of being a persistent violator of law. To this charge he entered his plea of not guilty. The information was then amended and the accusation of persistent law violation was omitted therefrom and, to the amended information, he entered his plea of guilty. To uphold a judgment in which is incorporated punishment for being a persistent violator of law, based on this record would be inconsistent with the fundamental principles of American jurisprudence.

■ ■ Apparently the trial court was led into error by I. C. A., sec. 19–2415, which is as follows:

"After a plea or verdict of guilty, where a discretion is conferred upon the court as to the extent of the punishment, the court, upon the oral suggestion of either party that there are circumstances which may be properly taken into view either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily, at a specified time, and upon such notice to the adverse party as it may direct."

The hearing provided for by that section is intended for the enlightenment of the court in pronouncing sentence, within the provisions of the law fixing the penalty for the crime of which the defendant has been convicted. The statute, above quoted, comes to us from territorial days and is to be found in the Revised Statutes of the Territory of Idaho, compiled in 1887, being sec. 7992 thereof. It has no reference to increased penalties for those who are persistent law violators, which was first provided for by Session Laws of 1923, page 139, chapter 109.

■ ■ The sentence which should have been pronounced against appellant is prescribed by I. C. A., sec. 17–3403, wherein it is provided:

"Burglary of the second degree is punishable by imprisonment in the state prison for not more than five years"
and by sec. 19–2413, wherein the following appears:

"The maximum term of imprisonment shall not exceed the longest term fixed by law for the punishment of the offense of which the person sentenced is convicted, and the minimum term of imprisonment fixed by the court shall not exceed one-half of the maximum term of imprisonment fixed by statute: . . . . "

A number of states of the Union have laws prescribing the procedure in cases of this kind, intended to safeguard defendants from prejudice by having allegations read to the jury, and statements made relative to alleged prior convictions. Our legislature has not provided a statute on this subject and we recommend that the advisability of doing so be brought to its attention at its next session.

The judgment appealed from is reversed and the cause is remanded to the district court with direction to pronounce judgment and sentence against the defendant in conformity to the views herein expressed.

Ailshie, C. J., and Givens and Holden, JJ., concur.

Budge, J., dissents.