Argued June 6, reversed October 26, 1966

# STATE OF OREGON *v.* OPAL BETTY GUSTIN

### 419 P. 2d 429

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*George Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on

the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Hammond*, Justices.

PERRY, J.

The defendant was convicted of vagrancy under ORS 166.060 and from the judgment entered appeals.

The matter was tried to the trial court on the following stipulation:

"It is hereby stipulated by the parties to the above-entitled cause, by their respective attorneys, for the purpose of the trial of this action, that on the trial of the cause the following facts are admitted and agreed on by the parties:

"I

"That Opal Betty Gustin, on or about the 21st day of December, 1962, in the City of Portland, County of Multnomah, State of Oregon, did offer to engage in an act of illicit sexual intercourse, for money, with one Robert D. Colyer, not being the husband of Opal Betty Gustin.

"II

"That the said Opal Betty Gustin is fully aware and cognizant of her right to a trial by jury and hereby waives that right and consents to be tried by the court alone.

"III

"It is hereby further stipulated and agreed between the parties that this cause shall be submitted for decision of the court upon the foregoing stipulation."

---

* Hammond, J., did not participate in the decision of this case.

The defendant attacks the constitutionality of the statute and also contends that the facts admitted are insufficient to establish the crime.

ORS 166.060, insofar as is pertinent, reads as follows:

"The following described persons are guilty of vagrancy and shall be punished upon conviction by imprisonment in the county jail for a period not exceeding six months, or by a fine of not more than $100, or both:

"\* \* \* \* \*

"(d) Every common prostitute."

The precise question then is: Does a single act of solicitation establish the fact that the defendant is a common prostitute?

In *Davis v. Sladden,* 17 Or 259-264, 21 P 140, approved in *Barnett v. Phelps,* 97 Or 242, 191 P 502, 11 ALR 663, this court said:

"Said Appleton, C.J.: 'A prostitute is a female given to indiscriminate lewdness for gain; it is the practice of a female offering her body to an indiscriminate intercourse with men.' State v. Stoyall, 54 Me. 27; Carpenter v. People, 3 Barb. 603; Commonwealth v. Cook, 12 Met. 93; State v. Ruble, 8 Iowa 453; Osborn v. State, 52 Ind. 528; Fanhestock v. State, 102 Ind. 163; Sheehey v. Cokley, 43 Iowa 185.

"When, then, the word 'prostitute' is applied to a woman, it is meant that she is given to the practice of offering her body to promiscuous intercourse with men for gain. Adultery may be committed by one act of illicit intercourse, but the female to whom the word 'prostitute' can be applied has only gained that character by a long continuance in the vice of lewdness. \* \* \*"

■ The use of the word "common" in describing the word "prostitute" in the statute emphasizes the fact that the statute is directed against those women who are given to the practice of offering themselves for promiscuous intercourse with men.

■ The stipulation discloses but a single offer of illicit intercourse. No circumstances surrounding defendant's offer, or evidence of relevant prior conduct of the defendant, is disclosed in the stipulation from which a reasonable conclusion could be drawn that the defendant was engaged in the practice of offering her body for gainful indiscriminate intercourse.

Since the evidence fails to sustain the charge, we decline to pass upon the constitutionality of the statute itself.

The judgment is reversed.