523 P.2d 32

The **STATE** of Idaho, Plaintiff-Respondent,

v.

Josephine **CARIAGA**, Defendant-Appellant.

No. 11318.

Supreme Court of Idaho.

April 30, 1974.

Rehearing Denied June 6, 1974.

Darla S. Williamson of Derr, Derr, Walters & Cantrill, Boise, for defendant-appellant.

Craig R. Zaiss, W. Anthony Park, Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

This case presents to the Court the question of whether a conviction for being a common prostitute on a charge of soliciting and offering to engage in lewd sexual acts for hire and engaging in an act of prostitution is a variance between the charge and the conviction that requires that the conviction be reversed. For reasons that will be discussed, we conclude that the conviction must be reversed because of the variance between the charged crime and the conviction.

On July 13, 1971, the appellant, Josephine Cariaga, was arrested by an undercover police agent of the Boise police department after she had allegedly performed an illicit sexual act upon the officer in return for twenty dollars. The amended complaint filed against her charged her with violation of section 6-1-29 of the Boise City Code, the pertinent parts of which are:

> "* * * every lewd and dissolute person, who lives in and about houses of ill fame, or solicits for the purpose of prostitution or lewdness upon the streets, alleys or public places of the City, and every common prostitute * * * is a vagrant and shall be deemed guilty of a misdemeanor."

Trial was had in the magistrate's court, without a jury. Appellant was convicted, fined $200.00 and sentenced to sixty days in jail. She appealed to the Fourth Judicial District Court and, on the basis of the transcript of the proceedings in the magistrate's court and briefs submitted by both sides, her conviction was affirmed. From the affirmance of that conviction, she prosecutes this appeal.

On appeal, appellant assigned as error the refusal of the trial court to dismiss the amended complaint. She contends that the statute pursuant to which she was convicted is an unconstitutional invasion of privacy and a denial of equal protection of the law guaranteed to her by the Fourteenth Amendment to the United States Constitution because it is applied only to women. In addition, she contends that the repeal of section 6-1-29 of the Boise City Code by the enactment of city ordinance 3106 con-

stitutes a bar to prosecution. She also raises the defense of entrapment.

During oral argument before this Court the question was raised as to whether or not appellant was convicted of the crime with which she was charged. The amended complaint, charging appellant, read in part:

"* * * did then and there commit the crime of PROSTITUTION said crime being committed as follows, to wit: did solicit and offer to engage in lewd sexual acts for hire, and did engage in said act of prostitution in violation of 6–1–29, City Code."

From the complaint it is apparent that appellant was charged with the crimes of soliciting and offering to engage in lewd sexual acts for hire and with engaging in an act of prostitution. However, the remarks of the trial court in passing judgment show that she was convicted of the crime of being a common prostitute, which is prohibited by the ordinance, but is not mentioned in the complaint. In passing judgment, the trial court stated:

"So at least under these decisions or these points of law I've tried to explain as I see them, it appears apparent the State has proved its case against Miss Cariaga beyond a reasonable doubt, that her act of involvement with the man in question *does constitute the offense of being a prostitute, a common prostitute under the statute*. The State has been able to prove that." (emphasis ours)

In affirming appellant's conviction, the District Court specifically affirmed her conviction of being a common prostitute.

▮ In De Jonge v. Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937), the Supreme Court stated: "Conviction upon a charge not made would be sheer denial of due process." *See also* Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); State v. Lovejoy, 60 Idaho 632, 95 P.2d 132 (1939); Commonwealth v. Richardson, 313 Mass. 632, 48 N.E.2d 678 (1943). It therefore becomes the duty of this Court to determine if the appellant was in fact charged with being a common prostitute, the crime of which she was convicted.

Where a statute enumerates a series of prohibited acts, a complaint or information may charge each of those acts in a single count, even though each by itself constitutes a separate offense. I.C.R. 8; State v. Scott, 72 Idaho 202, 239 P.2d 258 (1952). In addition, the charge of an offense includes in it any lesser included offenses and the accused may be acquitted of the charged offense but convicted of the lesser included offense. I.C.R. 31(c). Therefore, although appellant was not charged in the complaint of the offense of being a common prostitute, she will not have been denied due process by being convicted of a charge not made if the crime of being a common prostitute is a lesser included offense of either soliciting and offering to engage in lewd sexual acts for hire or of engaging in an act of prostitution.

▮ An offense will be deemed to be a lesser included offense of another, greater offense, if all the elements required to sustain a conviction of the lesser included offense are included within the elements needed to sustain a conviction of the greater offense. Of course, the greater offense may require proof of additional elements in order to sustain a conviction. Or, if in committing an offense one necessarily commits a second offense, that second offense will be deemed a lesser included offense. I.C. § 19–2312; In re McLeod, 23 Idaho 257, 128 P. 1106 (1913); State v. Hall, 88 Idaho 117, 397 P.2d 261 (1964); State v. Boyenger, 95 Idaho 396, 509 P.2d 1317 (1973). As stated in State v. Hall, 86 Idaho 63, 69, 383 P.2d 602, 605 (1963):

"An 'included offense' is one which is necessarily committed in the commission of another offense; or one, the essential elements of which are, charged in the information as the manner or means by which the offense was committed."

Thus, if the elements of being a common prostitute are necessarily included in solic-

iting for lewd sexual acts for hire, or in engaging in an act of prostitution, or if in committing either of these offenses one necessarily commits the offense of being a common prostitute, then being a common prostitute is a lesser included offense and will have been charged in the complaint.

The city ordinance in question does not define a common prostitute. Nor has this Court had the occasion to define this term. However, several courts have defined the term common prostitute. The Minnesota Supreme Court in State v. Poague, 245 Minn. 438, 72 N.W.2d 620, 624 (1955), concluded that a common prostitute is:

> "We conclude that whether a woman is a common prostitute does not depend alone upon the number of persons with whom she had illicit intercourse but rather may be judged from all the surrounding circumstances, including her acts, conduct, and utterances in determining *whether she was lacking in discrimination* within the commonly accepted meaning of that word in submitting to, or offering her body for, illicit sexual intercourse." (emphasis ours)

In State v. Perry, 249 Or. 76, 436 P.2d 252, 255 (1968), the Oregon Supreme Court, in discussing what the term common prostitute found in ORS 166.060(d) meant, stated:

> "Although a woman who will offer to engage in illicit intercourse for money with one man is likely to offer her body indiscriminately to others for the same purpose, *it is not necessarily so, and without proof from which indiscriminate sexual activity can be inferred the crime defined in ORS 166.060(d) is not established.*" (emphasis ours)

*See also* State v. Gustin, 244 Or. 531, 419 P.2d 429 (1966).

■ From these cases it is apparent that in order to prove the crime of being a common prostitute, it is necessary to prove an indiscriminate offering of a body for, or the submission to, illicit sexual intercourse. This lack of discrimination is an element not required in the proof of either soliciting or offering to engage in lewd sexual acts for hire or in engaging in acts of prostitution. And, although it is generally committed in engaging in the other two acts, it is not necessarily so. It is an additional element which must be proved. Therefore, the crime of being a common prostitute cannot be a lesser included offense of either of the two acts that appellant was charged with committing. State v. Hall, *supra.*

■ We therefore conclude that appellant was not charged with the crime of being a common prostitute and it was a denial of due process of law to convict her of that crime. De Jonge v. Oregon, *supra;* Thornhill v. Alabama, *supra;* State v. Lovejoy, *supra.* Respondent claims, however, that appellant has waived any right to object, relying on State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967) and State v. Martinez, 89 Idaho 232, 404 P.2d 573 (1965). Both of these cases involved defects in the complaint or indictment that could have been cured by amendment. In this case there were no defects in the complaint. Rather there was a variance between the complaint and the conviction. Therefore, the two cases relied upon by respondent are not applicable.

■ Rather, we feel the issue of whether or not appellant has waived any objections she might have is controlled by our decision in State v. Haggard, 94 Idaho 249, 486 P.2d 260 (1971), where we held that where a fundamental error has been committed in a criminal trial, this Court may consider it even though no objection was made in the trial court.

> "The appellant contends that he was denied due process and deprived of a fair trial because the prosecuting attorney elicited at trial that Haggard did not tell the judge of his alibi at the preliminary hearing. Appellant maintains that this information should not have been made available for the jury's consideration and by so doing the lower court deprived him

of a fair trial. Counsel for defendant failed to raise an objection to the cross-examination at the time of trial and ordinarily this Court would not consider this assignment of error. However the obligation of the state to see that defendant receive a fair trial is primary and fundamental. [Citing cases] In case of fundamental error in a criminal case the Supreme Court may consider the same even though no objection had been made at time of trial." 94 Idaho at 251, 486 P.2d at 262.

Because the variance between the complaint and conviction denies the appellant due process of law, she has not waived her right to object even though no objection has been previously made. Neither can this Court ignore the issue because it has not been assigned as error in the original briefs. It was assigned as error in the supplemental brief ordered filed by the Court during oral argument.

Because appellant's conviction is reversed and the charges against her dismissed, we deem it unnecessary to discuss appellant's other assignments of error.

McQUADE, McFADDEN, and BAKES, JJ., concur.

SHEPARD, Chief Justice (concurring specially).

I concur in the result reached by the majority, however I believe there is an even more serious defect in the complaint requiring that appellant's conviction be reversed. The city ordinance states in part:

"* * * every lewd and dissolute person, who lives in and about a house of ill fame, or solicits for the purposes of prostitution or lewdness upon the streets, alleys or public places of the City and every common prostitute * * * *is a vagrant* and shall be deemed guilty of a misdemeanor." (emphasis supplied.)

The crime prohibited by the ordinance is that of being a vagrant and one who does one or more of the acts mentioned in the ordinance is a vagrant. However, nowhere in the amended complaint filed against the appellant is it alleged that she committed the crime of being a vagrant, the crime prohibited by the ordinance. Therefore, I believe that the amended complaint failed to charge the appellant with having committed a crime and for this reason her conviction must be reversed.