No. 38,618

STATE OF KANSAS, *Appellant,* v. R. R. OSBORNE, *Appellee.*

(241 P. 2d 506)

Opinion

filed March 8, 1952.

*John Anderson, Jr.,* county attorney, argued the cause and *H. R. Fatzer,* attorney general, and *Willis McQueary,* assistant attorney general, were with him on the briefs for the appellant.

*Howard E. Payne,* of Olathe, argued the cause and *Rolla W. Coleman,* of Mission, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal by the state from an order sustaining a motion to quash an indictment.

Defendant was indicted for perjury by a grand jury. The indictment was as follows:

"The grand jurors of the State of Kansas, duly impaneled, charged and sworn by the court aforesaid, on their oaths do find, charge, and present that on or about the 14th day of November, 1950, in the County of Johnson and State of Kansas and within the jurisdiction of the Court, R. R. Osborne, then and there being, did unlawfully, feloniously, willfully, and corruptly testify to a material matter upon oath legally administered in a trial or proceeding before the District Court of Johnson County, Kansas, entitled State of Kansas, Plaintiff, v. W. C. Jones, Defendant, being Docket No. 3211 in the Criminal Docket in said court by then and there testifying that the said W. C. Jones was not under the influence of intoxicating liquor on January 20, 1950, at approximately 4:10 A. M. of said date and at a location in said county and state near the intersection of Highway 50 and West Lenexa Road, when in truth and fact the said W. C. Jones was at said time and place under the influence of intoxicating liquor and the said R. R. Osborne knew at the time of testifying that in truth and fact the said W. C. Jones was at the aforesaid time and place under the influence of intoxicating liquor, the said R. R. Osborne having testified under oath in the preliminary hearing in said matter that the said W. C. Jones was at said time and place as aforesaid under the influence of intoxicating liquor, the said testimony

of said R. R. Osborne in the trial of said cause being upon a material matter in that the issue of whether the said W. C. Jones was at said time and place and prior thereto under the influence of intoxicating liquor was an element of the offense with which the said W. C. Jones was charged and tried upon in said cause and the said R. R. Osborne did as aforesaid unlawfully and feloniously commit perjury contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Kansas."

The defendant moved to quash this indictment on some eight grounds. The trial court sustained the motion on the ground the offense attempted to be charged was so vague, indefinite, equivocal and uncertain that the court could not pronounce judgment upon conviction, according to the right of the case; that the facts stated in the indictment did not state a public offense and set forth improper conclusions and that the indictment failed to state a public offense and omitted some necessary and required averments of the statute in order to charge the defendant with the charge of perjury or any other public offense. The state has appealed from that order.

Defendant quotes the statute defining perjury. It is G. S. 1949, 21-701 and provides as follows:

"Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation or declaration legally administered in any cause, matter or proceeding before any court, tribunal or public body or officer, shall be deemed guilty of perjury."

G. S. 1949, 21-706, providing what facts must be stated in an indictment for perjury provides:

"In any indictment for perjury it shall be sufficient to set forth the substance of the offense charged and by what court or before whom the oath was taken (averring such court or person to have competent authority to administer the same), together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding or process, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same."

The defendant points out that perjury is the only crime where there is one statute, defining the offense, and another providing what shall be set forth in the indictment. He points out the form of the statute, in that it first states what allegations will be sufficient, such as (1) the substance of the offense charged; (2) by what court or before whom the oath was taken; (3) that such court or person had proper authority; (4) the proper averments to falsify the matter wherein the perjury was assigned; that it then provides

it is not necessary to allege (1) any part of the record, proceeding or process; or (2) any commission or authority of the court or person before whom the oath was taken or (3) the form of the oath or (4) the manner of administering it. He argues that the inclusion of the matters that need not be alleged as well as those that must be indicated an intention on the part of the legislature that the provisions of the statute, stating what must be alleged, should be followed with meticulous care.

Defendant convinced the lower court, and argues here, that the indictment already quoted in this opinion failed to state that the court or person administering the oath had competent authority to administer it and that there is no allegation setting out by what court or before whom the defendant took the oath.

The indictment stated that the oath was legally administered in a trial before the district court of Johnson county. The argument of defendant is that such an allegation may not be construed to mean that the district court of Johnson county had authority in a trial pending before it to administer an oath. Such an argument overlooks the fact that the courts might take judicial notice of its own existence. To be legally administered the oath must have been administered by a court or officer that had authority to administer it. G. S. 1949, 54-101, provides what officers are authorized to administer oaths. Among them are judges of courts in their respective jurisdictions and clerks of courts of record. This indictment states the oath was legally administered in a trial before the district court of Johnson county. Pursuant to G. S. 1949, 54-101, this oath could have been legally administered by either the judge of that court or the clerk of that court. Either one of these officers had authority to administer the oath and when the indictment stated it was legally administered it stated in effect it was administered by an officer who had authority to administer it. See, also, G. S. 1949, 19-1305 to the effect that clerks of district courts have authority to administer oaths where such are required.

This holding is fortified by several sections of our code of criminal procedure. G. S. 1949, 62-1012, provides neither presumption of law nor matters of which judicial notice is taken need be stated in an indictment or information. Surely the judge of the district court of Johnson county could take judicial notice of the fact that he or his clerk had authority to administer an oath in a trial being

conducted before that court. This indictment met all the tests provided by G. S. 1949, 62-1010, that is, it stated the indictment was found by the grand jury of the county where the court was held, the defendant was named, it stated the offense was committed within the jurisdiction of the court, the offense of perjury was clearly set forth in plain and concise language, and the offense was stated with such a degree of certainty that the court may pronounce judgment upon conviction according to the rights of the case.

G. S. 1949, 62-1011, provides certain defects for which an indictment or information may not be set aside. The section names mistake in the name of the court, want of an allegation of time when the venue and time had once been stated, representing dates and numbers by figures, omissions of the words "with force and arms," "contrary to the form of the statute" or "against the peace and dignity of the State of Kansas," an omission to state that the grand jurors were impaneled, sworn or charged, the omission of any surplusage or redundant matter when there is sufficient matter alleged to indicate the crime and person charged nor "Seventh. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." This section speaks of "defects" in an indictment. Granting for the sake of argument that the failure of this indictment to state in so many words that the court or person administering the oath was qualified to administer it, was a defect, still we fail to see how this omission would tend to the prejudice of the defendant in his trial on the merits. He was advised by the indictment that he was charged with having testified in a trial in district court of a case, naming it, to a fact, describing it, when he knew the facts to which he testified were otherwise, describing them. He will not be prejudiced in his defense by such an omission. (See *State v. Kemp,* 137 Kan. 290, 20 P. 2d 499.) In that case the information did not specifically state that the defendant swore falsely. We held the defect harmless and said:

"The essence of the crime of perjury is that the person charged swore falsely, and it is passing strange that a prosecuting officer, with the statute before him, should omit direct allegation of falsity from the information. However, the information charged that Kemp did unlawfully, willfully, feloniously and corruptly swear on oath, legally administered, the statements, facts and denials contained in the answer were true well knowing they were false and untrue and that Kemp made the allegations under oath with intent to deceive and

mislead. In this instance, the criminal code itself has forbidden resort to the technicalities of common law pleading in perjury cases.

"It is not open to dispute that Kemp knew he was charged with perjury in a matter clearly pleaded; that the trial court could pronounce judgment according to the right of the case; and that the imperfection in the information did not tend to prejudice Kemp's substantial rights. The same provisions of the criminal code nullify the common-law rule that besides showing falsity of what was sworn to, the pleading should go on and tell antithetically what the truth was. The whole purpose of the section of the bill of rights which requires that the defendant shall be allowed to demand the nature and cause of the accusation against him (§ 10) is subserved when the information discloses that he swore falsely."

(See *State v. Whitlock*, 138 Kan. 602, 27 P. 2d 262.)

The judgment of the trial court is reversed with directions to proceed with the trial of the action.

SMITH, J. (dissenting): I cannot agree. As I see it, the requirements as to the allegations required in an indictment for perjury are clear. The legislative history of G. S. 1949, 21-706, wherein these requirements were reduced somewhat, convinces me the legislature intended to go so far and no farther. The decision of the majority eliminates from the statute the requirement "averring such court or person to have competent authority to administer the same." Such is the province of the legislature, not the court. I prefer the rule laid down in *Hill v. United States*, 54 F. 2d 599. There the court of appeals construed a statute similar to ours and said:

"Again, there is no averment that James Talty had competent authority to administer the purported oath, as appears in the affidavit supra. This averment seems to be a necessary one under the statute, which abbreviates the common law form of indictment for perjury and sets forth the substance of what it shall contain."

The administration and development of the criminal law is not bettered by courts waiving aside plain, statutory requirements in indictments. Such practice is actually the cause of much careless pleading.

PARKER and WERTZ, JJ., concur in the foregoing dissent.