404 P.2d 573

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Lee MARTINEZ, Defendant-Appellant.**

**No. 9667.**

Supreme Court of Idaho.

July 22, 1965.

Thomas A. Mitchell, Coeur d'Alene, for appellant.

Richard G. Magnuson, Pros. Atty., Wallace, for respondent.

Allan G. Shepard, Atty. Gen., Thomas G. Nelson, Deputy Atty. Gen., Boise,

KNUDSON, Justice.

On November 16, 1964 defendant-appellant entered his plea of guilty to a charge of rape. Immediately following the entry of such plea the defendant, through his counsel; requested opportunity for defendant to take the witness stand. Defendant was then sworn and testified on his own behalf relative to his age, background, employment, and education, following which the court heard counsel on defendant's plea for clemency.

On November 19, 1964 an information was filed by the prosecuting attorney of Shoshone County charging defendant with the crime of perjury in two counts.

On December 3rd defendant was arraigned before the district court, in and for Shoshone County, Idaho, following which the defendant, then and there being present and represented by counsel, entered his plea of guilty to count one of the information, the charging portion of which is as follows:

"That Robert Lee Martinez on or about the 16th day of November, 1964, in the County of Shoshone and State of Idaho, then and there being, did then and there willfully, knowingly, falsely and feloniously, and after having taken an oath, did testify before the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone, at a presentence hearing in the case of State of Idaho vs. Robert Lee Martinez, No. 2142, (rape), that he, the said defendant, had completed three (3) years of college at Montana State College, Bozeman, Montana, in the course of pharmacy, well knowing said testimony to be contrary to the administered oath, whereas in truth and fact, said defendant had never undertaken a course in pharmacy nor attended Montana State College in Bozeman, Montana. That the said defendant did so testify in order to mislead and obtain the leniency of said court. The false testimony was material to the issue before the court, to-wit: the sentencing of the defendant."

Upon the acceptance of defendant's plea of guilty to count one the prosecuting attorney moved to dismiss the second count charged, which motion was granted. Upon said plea of guilty defendant was sentenced to five years imprisonment, said sentence to run concurrently with the sentence imposed under the rape charge.

Defendant contends that the court lacked jurisdiction in this proceeding for the reason that the statements made, which were the subject of the information here involved, were made following an improvident plea of guilty in the rape case against

defendant and no further proceedings in that case were authorized. This contention is without merit for the reason that this court has heretofore considered a like contention in State v. Martinez, 89 Idaho 57, 403 P.2d 597, wherein it was decided that defendant's plea of guilty to the rape charge was voluntarily, advisedly and understandingly entered. Said decision was filed June 25, 1965.

Defendant also contends that the statements made by defendant, which constitute the basis of the charge here involved, were not material to the case on trial before the court (the rape case) and hence could not be the subject matter of a perjury charge.

■ I.C. § 18–5401, defining perjury, expressly requires that the false statement be of a "material matter." In the argument presented defendant contends that the statements involved in the perjury charge were not material to any proper subject matter of inquiry before the court.

I.C. § 19–2515 provides:

"After a plea or verdict of guilty, where a discretion is conferred upon the court as to the extent of the punishment, the court, upon the oral suggestion of either party that there are circumstances which may be properly taken into view either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily, at a specified time, and upon such notice to the adverse party as it may direct."

The hearing provided for in the foregoing quoted statute is intended as a means to enlighten the court in pronouncing sentence as prescribed by law. An opportunity to testify at the hearing which was being conducted at the time the charged perjury was committed, was requested on behalf of defendant. His only purpose was to accomplish mitigation of the sentence which was about to be pronounced for the offense of rape concerning which he had admitted his guilt.

■ A statement as to what is generally meant by the term "material matter" as used in a like statute is contained in 41 Am. Jur., § 13, p. 9, as follows:

"In order to constitute perjury it is necessary that the false testimony be material to an issue or point of inquiry. But it is well settled that such testimony need not be material to the main issue. The test which most courts favor is whether the statement made can influence the tribunal on the issue before it. Thus, a statement is usually held sufficient to support a charge of perjury if it is material to any proper matter of inquiry, * * *. The general rule, therefore, to which most courts subscribe, is that any testimony which is relevant in the trial of a case,

whether to the main issue or some collateral issue, is so far material as to render a witness who knowingly and wilfully falsifies in giving it guilty of perjury. It is usually sufficient to constitute perjury if the false statement is collaterally, remotely, or circumstantially material, or if it has a legitimate tendency to prove or disprove some fact that is material, irrespective of the main fact at issue. * * * If the test of materiality in prosecutions for perjury, namely, whether the false statement can influence the tribunal on the issue before it, is satisfied, the degree of materiality is of no importance."

In State v. Fail (Kan., 1926), 121 Kan. 855, 250 P. 311, the court said, "to support a conviction of perjury, the false statements relied upon need not bear directly upon the ultimate fact to be determined * * *. For a witness knowingly to fabricate details, in order to strengthen his credibility, is as much perjury as is any other false swearing."

In 70 C.J.S. Perjury § 15, p. 470, it is stated that:

"In accordance with, and subject to, the general rules with respect to the materiality of the statement, particular statements have been held to be material or immaterial to criminal prosecutions for various offenses. * * *

Testimony bearing on the question of punishment is ordinarily deemed material."

See also McDaniel v. State, 13 Ala.App. 318, 69 So. 351.

This subject is discussed in People v. Barry (1957), 153 Cal.App.2d 193, 314 P.2d 531, wherein the court stated that:

"The ordinary test of materiality is whether the testimony given could have probably influenced the tribunal before which the cause was being tried, upon the issue involved therein."

See also People v. Matula (1959), 52 Cal. 2d 591, 342 P.2d 252.

There can be no doubt that defendant's false testimony influenced the court in its determination of the sentence to be imposed. The record in State v. Martinez, supra, is replete with statements made by the trial court disclosing such influence. The following are excerpts from such statements:

"I do feel, however, that, assuming that you have maintained a grade average of about straight 'A' in pharmacy over a three year period, certainly you have a future in that field. I feel that is something that certainly ought to be considered."

After making the foregoing comment the court stated that sentence would be withheld for a period of a year and defendant

released on parole, following which the court said:

"I hope you appreciate the fact this is a most unusual break in this kind of case and I don't think I would have even considered it if it hadn't been for the fact you apparently completed three years of college in a very difficult field with good marks and have a chance to go ahead and do something. *Think under other circumstances I wouldn't have been this lenient considering the type of the offense and particularly in view of the fact you have had this prior contributing charge.* I am just hoping that my judgment isn't too defective in this case." (emphasis supplied)

■ We do not find any merit in the contention that the allegations of the information do not sufficiently charge that defendant swore falsely to a matter material to the issue before the court.

■ Under defendant's remaining assignment of error it is contended that the information is fatally defective, "because it fails to name the officer before whom the oath was taken, and does not allege the authority of the officer who administered the oath. Sentence under this defective information violates appellant's rights guaranteed by amendment VI to the United States Constitution."

The last above mentioned contention has been resolved adversely to defendant's position in United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92, wherein the court had under consideration the identical issue here presented and stated:

"The name of the person who administered the oath is not an essential element of the crime of perjury; the identity of such person goes only to the proof of whether the defendants were duly sworn. Therefore, all the essential elements of the offense of perjury were alleged."

■ The name of the officer who administered the oath and his authority are not specifically set forth in the information here involved. It is argued by appellant that I.C. § 19–1426 requires such facts to be specifically stated in the information. With this contention we do not agree. Said section 19–1426 provides:

"In an indictment for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not

set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

This statute does not state that an indictment is insufficient if it does not specifically set forth the name of the identical person before whom the oath was taken. The effect of the language used in the statute is that when the facts mentioned therein are set forth the information is beyond challenge and it shall be considered as sufficient. If the name of such person is known to the accused and he has no doubt concerning the identity or authority of such person, a factual allegation to that effect would be of no importance to the accused. However, if such allegation be necessary to apprise the accused of the nature and cause of the accusation against him and thereby enable him to prepare to meet it at his trial, it would then become a necessary allegation of the information and must be set forth upon request of the accused for more detailed statement of facts in that respect. In United States v. Debrow, supra, the court said:

"The sufficiency of the indictment is not a question of whether it could have been more definite and certain. If the defendants wanted more definite information as to the name of the person who administered the oath to them,

they could have obtained it by requesting a bill of particulars."

The sufficiency of an information must be tested in the light of the averments therein contained.

In discussing the fundamental requirements of the charging part of an information the following quoted language has been repeatedly and for many years used by this court:

"It is fundamental in this state that the charging part of an information or indictment will withstand attack if on its face it be sufficient to advise the defendant of the nature of the charge against him, and describes the offense with such particularity as to serve as a shield in case of a second prosecution for the same offense; or, stated differently, if the act or acts constituting the offense be set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." State v. Basinger, 46 Idaho 775, 271 P. 325; Mollendorf v. State, 67 Idaho 151, 173 P.2d 519; State v. Carpenter, 85 Idaho 232, 378 P.2d 188; State v. McGlochlin, 85 Idaho 459, 381 P.2d 435.

This language is predicated upon legislative acts which constitute admonitions of the people to the courts of this state in

criminal proceedings, one of which is I.C. § 19–3702, which provides:

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right."

After quoting this statute in State v. Jurko, 42 Idaho 319, 245 P. 685, this court said:
"It will thus be noted that the people of this state by legislative enactment have adopted the established principle of law that no criminal case shall be reversed for technical errors when it appears from the whole case that substantial justice has been done. The sections of the statute above cited were undoubtedly inserted for the express purpose of avoiding the many miscarriages of justice occasioned by a strict adherence to the old rule of presumption that any error is prejudicial, and it is our duty to give to the statutes the effect intended by the Legislature."
Another of such enactments is I.C. § 19–2819, which directs that:

"After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

In State v. Carringer, 84 Idaho 32, 367 P.2d 584, the court stated that the two statutes last above quoted "are recognized as admonitions against reliance on technical errors or defects as the basis of reversals of judgments in criminal actions."

We are further guided by the provisions of I.C. § 19–1419, which states:

"No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits."

We consider the following quoted statement of Justice Taylor, which is contained in State v. Parish, 79 Idaho 75, 310 P.2d 1082, to be appropriate, to-wit:

"Even without repeated legislative admonition the courts should determine causes upon their merits rather than upon technical trivia."

In the case now engaging our attention, we cannot perceive wherein appellant was prejudiced by the failure to allege in the information the name and powers of the person who administered the oath to him. There is no claim whatever that appellant was in any respect prejudiced. No mention was made of this claimed insufficiency in the charge prior to the filing of appellant's brief on appeal. The trial

court was entirely unaware of such contention. We cannot escape the conclusion that appellant was adequately advised of the charge concerning which he voluntarily admitted his guilt.

Appellant relies entirely upon the decision in State v. Thomas, 82 Idaho 473, 355 P.2d 674, as support for his contention that this information is fatally defective. We adhere to the conclusion reached therein that the information was fatally defective. However, some important features distinguish it from the case at bar, one of which is that the sufficiency of the information was challenged in the trial court by a motion which was treated as a general demurrer, before any testimony had been received.

Another important distinguishing feature from State v. Thomas, supra, is that the information with which we are here concerned specifically stated that the false testimony was given before "the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone, at a pre-sentence hearing in the case of State of Idaho v. Robert Lee Martinez, No. 2142 (rape)," whereas in the Thomas case there was no statement in the information concerning the place, other than that it was in Oneida County, Idaho, where the falsifying allegedly occurred. No mention was made of any office wherein or officer before whom the false statement was made nor did it mention any case or proceeding with which the offense was identified.

That this defendant was not prejudiced by the form of the information is manifest since he did not, before pleading guilty, challenge it in any respect. This in itself would constitute a waiver of a challenge to the sufficiency of the charge which appellant now raises for the first time on appeal. He at no time has raised a question of jurisdiction. State v. Goodmiller, 86 Idaho 233, 386 P.2d 365; State v. Sedam, 62 Idaho 26, 107 P.2d 1065; Application of Martin, 76 Idaho 179, 279 P.2d 873, 53 A.L.R.2d 582; State v. Neil, 58 Idaho 359, 74 P.2d 586; People v. Carnicle (1934), 137 Cal.App. 324, 31 P.2d 216; In Re Dawson, 20 Idaho 178, 117 P. 696, 35 L.R.A., N.S., 1146; People v. Barry (1957), 153 Cal.App.2d 193, 314 P.2d 531; I.C. §§ 19–1703, subsec. 4, 19–1711 and 19–2408.

In People v. Waid (1954), 127 Cal.App. 2d 614, 274 P.2d 217, the court said:

> "The sufficiency of a pleading is a matter of substance, not of form. Such a question must be raised by demurrer. Since the accused failed to demur, he cannot on appeal for the first time make an issue of whether the pleading is sufficient. People v. Schoeller, 96 Cal. App.2d 61, 62, 214 P.2d 565. Especially is this true in view of the fact that the entire record discloses no miscarriage of justice."

In People v. Barry (1957), 153 Cal.App. 2d 193, 314 P.2d 531, an almost identical statute and similar facts were involved and the court had a like contention to consider. Section 966 of the Penal Code of California, therein considered, is identical to I.C. § 19–1426 with the single exception that the California provision uses the words "accusatory pleading" in place of "indictment" in our statute. The charge therein involved alleged that the perjury occurred while the defendant testified as a witness in a specified proceeding being heard before a named court at a stated time. The court in that case held that "[t]he pleading here under attack satisfies the requirements of Section 966 of the Penal Code which governs the sufficiency of pleadings in perjury and subornation of perjury cases."

In People v. Gilbert (1963), 217 Cal.App. 2d 662, 31 Cal.Rptr. 920, the information alleged inter alia that defendant on May 29, 1962, at Butte County, California, did "wrongfully, wilfully, and feloniously in the Justice Court of the Chico Judicial District, County of Butte, State of California, commit perjury in testifying falsely under oath as to matters material to an action entitled 'The People of the State of California vs. Jack W. Gilbert' * * *."

It was contended that Penal Code section 966 covering the pleading of perjury was not complied with because the information did not recite that the court where the alleged perjury was said to have been committed "had authority to administer" the oath.

In deciding this issue the court stated:

"It has been held, however, that the purpose of the allegations of an information or indictment is to advise the defendant of the charge against him sufficiently to enable him to prepare his defense thereto and, therefore, a statement of the title of the court and controversy where the alleged false testimony was given, coupled with proper allegations of the falsity of the matter on which the perjury is assigned, is sufficient to advise him as to the identity of the officer administering the oath and the fact of his authority."

In State v. Osborne (1952), 172 Kan. 596, 241 P.2d 506, the court had under consideration a statute substantially like I.C. § 19–1426 and it was being contended that the information failed to state that the court or person administering the oath had competent authority to administer it and that there was no allegation setting out by what court or before whom the defendant took the oath. In answering this contention the court said:

"The indictment stated that the oath was legally administered in a trial before the district court of Johnson county. The argument of defendant is that

such an allegation may not be construed to mean that the district court of Johnson county had authority in a trial pending before it to administer an oath. Such an argument overlooks the fact that the courts might take judicial notice of its own existence. To be legally administered the oath must have been administered by a court or officer that had authority to administer it. G.S.1949, 54–101, provides what officers are authorized to administer oaths. Among them are judges of courts in their respective jurisdictions and clerks of courts of record. This indictment states the oath was legally administered in a trial before the district court of Johnson county. Pursuant to G.S.1949, 54–101, this oath could have been legally administered by either the judge of that court or the clerk of that court. Either one of these officers had authority to administer the oath and when the indictment stated it was legally administered it stated in effect it was administered by an officer who had authority to administer it. (See, also, G.S.1949, 19–1305) to the effect that clerks of district courts have authority to administer oaths where such are required."

In State v. Parish, 79 Idaho 75, 310 P.2d 1082, this court stated "[u]nder the generally accepted rule in criminal law a variance is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense, or is likely to place him in second jeopardy for the same offense." In the instant case the information fully advised the accused of the charge which he was required to meet and it was pleaded with such particularity as to constitute a bar to another prosecution.

The judgment is affirmed.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.