846 P.2d 914

STATE of Idaho, Plaintiff–Respondent,

v.

Paul Eugene McBRIDE, Defendant–Appellant.

No. 18790.

Court of Appeals of Idaho.

Feb. 28, 1992.

Rehearing Denied Jan. 20, 1993.

Petition for Review Denied
March 11, 1993.

May & May Law Offices, Twin Falls for defendant-appellant. Thomas D. Kershaw, Jr., argued.

Larry J. EchoHawk, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent. Jack B. Haycock argued.

SWANSTROM, Judge.

Paul Eugene McBride was found guilty by a jury of perjury. He challenges his conviction contending that the false statements were not material to the trial proceeding in which they were made, and therefore could not support his conviction. He also asserts that the court improperly instructed the jury on I.C. § 18–5408, which equates an "unqualified statement of unknown fact" with a statement known to be false. McBride argues that this instruction unconstitutionally eliminated the state's burden of proving criminal intent, or alternatively, that it unfairly altered the nature of the charge to be proved. For the reasons explained below, we affirm.

### Facts and Procedural Background

In 1988, the state charged McBride with lewd conduct with two minor children. The state alleged that McBride committed the crimes—a single incident—while visiting the home of the children in Twin Falls, Idaho, sometime between July 4, 1986, and September 1, 1986. Taking the stand in his own defense, McBride denied the allegations, testifying that he knew he had not visited the girls' home during those two months because he "was not in the state of Idaho at that period of time." According to his testimony, McBride left Twin Falls for Fort Worth, Texas, on July 1, 1986 and then continued traveling until he took a job in Jackpot, Nevada, where he worked through September. Following this testimony, however, the state learned McBride had been arrested for a traffic offense in the early morning hours of July 4, 1986, in Payette, Idaho. After the jury acquitted McBride of the lewd conduct charges, the state prosecuted McBride for perjury based on the record of the traffic offense and McBride's contradictory testimony at trial.

At the close of the state's case in the perjury trial, McBride moved for judgment of acquittal, claiming that the alleged perjurious statement was not material and therefore could not support a conviction. The court denied the motion. Over McBride's objection, the court instructed the jury on I.C. § 18–5408, equating an "unqualified statement of unknown fact" with a statement known to be false.[1] McBride was convicted of perjury. He appeals.

### Materiality

We turn first to the issue of materiality. McBride contends that the fact he was in Payette, Idaho, on July 4 and not in Fort Worth, Texas, as he had testified, was immaterial to the issue of his guilt at the lewd conduct trial, because Payette was still miles away from the location of the alleged crime. We disagree.

The crime of perjury is defined in I.C. § 18–5401, which provides:

Every person who, having taken an oath that he will testify, declare, depose, or certify truly, before any competent tribunal, officer, or person in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states as true any material

---

1. Idaho Code § 18–5408 states: "An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false."

matter which he knows to be false, is guilty of perjury.

Thus, it is essential to a conviction for perjury that the false statement be of a "material matter." *State v. Martinez*, 89 Idaho 232, 404 P.2d 573 (1965). Generally, materiality is an issue of law, on which an appellate court exercises free review.[2] *See Kungys v. United States*, 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988); *see also, e.g., Martinez, supra*. The test for materiality is whether the testimony probably would or could influence a tribunal or jury on the issue before it. *Martinez, supra;* 60A AM.JUR.2D *Perjury* § 32 (1982). The false statement relied upon need not bear directly upon the ultimate issue of fact. A false statement usually will support a charge of perjury if it is material to any proper point of inquiry, and if it is calculated and intended to bolster the witness' testimony on some material point or to support or attack his credibility. *Martinez*, 89 Idaho at 237, 404 P.2d at 573. "For a witness to fabricate details, in order to strengthen his credibility, is as much perjury as is any other false swearing." *Id.* (*quoting State v. Fail*, 121 Kan. 855, 250 P. 311 (1926)). The degree of materiality is not important. *Id.*

Here, McBride gave the broad statement that he had left the state days before the alleged crime occurred, and that he remained absent during the entire period when the alleged criminal acts could have been committed. This declaration clearly had the effect of strengthening McBride's defense, by affirmatively showing he *could not be* in the place at the time alleged by the state, and also by supporting his ability to accurately recall, at trial, his whereabouts during the entire period in question. Thus, McBride's exculpatory statements were material and, if believed, certainly would have influenced the jury. Accordingly, McBride's motion for a judgment of acquittal was properly denied.

**Instructions**

Next, we address McBride's contention that the court's Instruction No. 9 was erroneous. That instruction, reciting I.C. § 18–5408, stated: "An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false." McBride asserts that by giving Instruction No. 9 to the jury, the court relieved the state from its burden of proving the element of specific intent, violating his constitutional right to due process. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *State v. Randles*, 117 Idaho 344, 348, 787 P.2d 1152, 1156 (1990). McBride argues that, because one can never "know" a false statement to be true, the court's charge to the jury permitted the jury to find McBride guilty of perjury based solely on the admitted falsity of his statement, irrespective of his intent. We are not persuaded.

In a separate instruction, No. 5, closely tracking the statutory definition of perjury, the court charged the jury that in order to find McBride guilty, it must find beyond a reasonable doubt each of the essential elements of the crime, including: (1) that McBride *wilfully*, (2) stated as true a material matter (3) which he *knew to be false*. Instruction No. 9—to which McBride assigns error—simply allowed the state to establish the latter element by proving a statement which McBride "did not know to be true." The instruction did not, however, eliminate the requirement that the state prove the statement to have been made "wilfully."

With respect to the element of wilfulness, the court provided the jury with Instruction No. 7, which read:

> An essential element of perjury is that the statement be made wilfully by a person who knows or believes that the statement is false or is aware that he is ignorant of the truth or falsity of his statement. A statement made under an honest mistake and in the belief that it is

---

**2.** In some instances, materiality becomes a question for the trier of fact. *See, e.g., People v. Hedgecock*, 51 Cal.3d 395, 272 Cal.Rptr. 803, 795

P.2d 1260 (1990). In McBride's case, the jury was instructed on the element of materiality, which it evidently found to have been proved.

true, is not perjury, even though the statement be false.

The word "wilfully" as used in these instructions means the making of the alleged perjured statement with the consciousness that it was false, or with the consciousness that the maker thereof did not know that it was true, and with the intent that it should be received as a statement of what was true.

■ In reviewing jury instructions on appeal, we consider them in their entirety, not in their isolated parts. *State v. Aragon,* 107 Idaho 358, 690 P.2d 293 (1984). Instruction No. 7 properly advised the jury that "wilfulness" was an essential element of the crime charged, and accordingly, the state was required to prove either that McBride was aware of the statement's falsity, or that McBride was aware of his ignorance of its truth. It also clearly informed the jury that a good-faith belief in the statement's truthfulness would preclude a finding of guilt.[3] We therefore reject McBride's contention that Instruction No. 9 created a conclusive presumption of criminal intent.

### Variance

■ Finally, we consider the issue of variance. It is well settled that the evidence in a criminal case must correspond with the allegations of the information which are essential and material to charge the offense. *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630-31, 79 L.Ed. 1314 (1935); *State v. Windsor,* 110 Idaho 410, 716 P.2d 1182, *cert. denied,* 479 U.S. 964, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986); *State v. Love,* 76 Idaho 378, 283 P.2d 925 (1955). The question of variance between the information and proof is one of law on which the appellate court exercises free

review. *See, e.g., Windsor,* 110 Idaho at 417, 716 P.2d at 1189.

The information charged McBride as follows:

That the said defendant, Paul Eugene McBride, on or about the 5th day of May, 1989, in the County of Twin Falls, State of Idaho, did willfully and contrary to the oath that he would testify truly, state as true a material matter, to-wit: that he left the State of Idaho on July 1, 1986, and was not in the State of Idaho between July 1, 1986, and September 1, 1986, *which he well knew to be false, in violation of Idaho Code Section 18–5401.* [Emphasis added.]

■ McBride maintains that Instruction No. 9, reflecting I.C. § 18–5408, allowed the jury to find him guilty of wilfully testifying to "unqualified statement of unknown fact," which he insists is distinct from the act of wilfully testifying to a statement he "knew to be false," as alleged in the information. McBride is correct insofar as he asserts that he can be convicted only on the charge contained in the information. *See Schmuck v. United States,* 489 U.S. 705, 717, 109 S.Ct. 1443, 1450-51, 103 L.Ed.2d 734 (1989) ("Were the prosecutor able to request an instruction on an offense whose elements were not charged in the indictment, this right to notice would be in jeopardy."). However, I.C. § 18–5408 does not create "another kind of perjury," as claimed by McBride, or expand the charge beyond that contained in the information. Rather, when read together with I.C. § 18–5401, it is evident that I.C. § 18–5408 simply defines further the single offense of perjury.[4]

■ Even assuming, *arguendo,* that there was a variance between the allegations in the information and the proof sup-

---

**3.** We recognize that an instruction containing language identical to I.C. § 18–5408 has been held to improperly eliminate the question of criminal intent, even where the court properly instructs the jury on specific intent, *if unaccompanied by an instruction on good-faith. People v. Von Tiedeman,* 120 Cal. 128, 52 P. 155 (1898); *People v. Louie,* 158 Cal.App.3d Supp. 28, 205 Cal.Rptr. 247 (1984).

**4.** For example, a person who testifies falsely, but who honestly believes his testimony to be true, is not guilty of perjury. But the degree to which a witness may assert a credible belief or mistake of fact is limited. As I.C. § 18–5408 instructs, an assertion of a belief which the witness does not actually entertain, or one concerning matters of which the witness consciously knows he has no knowledge, is perjury. *See also* 60A AM.JUR.2D *Perjury* § 29.

porting the conviction, we conclude that McBride has failed to show that such variance was fatal. As explained by the United States Supreme Court:

The true inquiry ... is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense.

*Berger*, 295 U.S. at 82, 55 S.Ct. at 6303; *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1986). Under the notice element of this standard, the appellate court is required to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his defense. *Windsor*, 110 Idaho at 418, 716 P.2d at 1188.

McBride maintains he went to trial with the understanding that the state had to prove he knew his misstatement to be false at the time it was made. He contends that, based on this understanding, he "chose to testify and to construct a certain defense in a certain way." Although he claims surprise and prejudice, neither his reliance nor any impairment to his defense is further described. Moreover, the court's Instruction No. 7 fully incorporates the concepts contained in I.C. §§ 18–5401 and –5408. McBride did not object to that instruction, either at trial or on appeal. Aside from McBride's conclusory statements, there is nothing before us to suggest that the giving of instruction No. 9 either misled or embarrassed McBride at trial, or that it otherwise affected his substantial rights. Consequently, we find McBride's claim of unfair variance to be without merit.

### Conclusion

We conclude that the McBride's false testimony was material to the proceeding in which it was given and sufficient to support his conviction. Further, we find no merit in McBride's assignments of error relating to the court's instructions to the jury. Accordingly, the judgment of conviction is affirmed.

WALTERS, C.J., and SILAK, J., concur.