951 P.2d 1283

STATE of Idaho, Plaintiff–Respondent,

v.

Adam P. SHERROD, Defendant–Appellant.

No. 22962.

Court of Appeals of Idaho.

Jan. 2, 1998.

Rehearing Denied Feb. 9, 1998.

E. Scott Paul, Blaine County Public Defender, Twin Falls, for Defendant–Appellant.

Alan G. Lance, Attorney General, Kenneth M. Robins, Deputy Attorney General (argued), Boise, for Plaintiff–Respondent.

LANSING, Chief Judge.

Adam P. Sherrod appeals from a judgment of conviction for aggravated battery, I.C. § 18–907. He argues that the district court gave an erroneous jury instruction which allowed the jury to find Sherrod guilty of a crime with which he was not charged. We find Sherrod's argument to be meritorious, and we hold that the variance between the charging instrument and the jury's instructions was fatal to this conviction.

## FACTS

The charge against Sherrod stemmed from an incident that began as a barroom argument between Richard Grammatico and one of Sherrod's friends, Jeremy Riley. When Grammatico left the bar and started walking home, he was followed by Sherrod, Riley, and another of their friends. Grammatico was tackled from behind and, while he lay on the ground, Sherrod and his friends beat him. In the course of the beating, Grammatico was stabbed twice in the back. As a consequence of the beating and stabbing, Grammatico was treated for a punctured lung and other injuries, including numerous abrasions and cuts which required stitches.

Sherrod was arrested and charged with aggravated battery, I.C. §§ 18–903, –907, a felony. Medical testimony at trial established that the stab wounds which punctured Sherrod's lungs were caused by an instrument at least three or four inches long. The trial evidence included a knife that was discovered by police at the scene of the beating. Grammatico was not able to identify the individual who stabbed him, but other testimony indicated that Sherrod had borrowed the knife from a friend several months earlier. The jury found Sherrod guilty of aggravated battery, and a judgment of conviction for that offense was entered.

On appeal, Sherrod asserts that his conviction should be set aside because there was an impermissible variance between the charge alleged against him and the instructions given to the jury. This variance, he contends, allowed the jury to convict him of an offense different from that with which he was charged.

## ANALYSIS

The existence of an impermissible variance between a charging instrument and jury instructions is a question of law over which we exercise free review. *State v. Colwell*, 124 Idaho 560, 565, 861 P.2d 1225, 1230 (Ct.App.1993) [hereinafter *Colwell I*]; *State v. McBride*, 123 Idaho 263, 266, 846 P.2d 914, 917 (Ct.App.1992).

Resolution of the issue raised by Sherrod requires close examination of the State's

pleadings. The prosecutor's initial information charged Sherrod with aggravated battery on two alternative theories. It alleged that he had committed a battery "causing great bodily harm and/or permanent disfigurement, to wit: by stabbing Richard Grammatico in the back and/or kicking and beating Richard Grammatico in the head area, and/or splitting the upper and lower lip of Richard Grammatico, in violation of Idaho Code § 18–903(a), 18–907(a) and 18–204," or, in the alternative, "by means of a deadly weapon, to wit: a knife and/or bottle, in violation of Idaho Code § 18–903(a), 18–907(b), and 18–204." Part Two of the information alleged that Sherrod committed the offense with a deadly weapon, a knife, and was therefore subject to an enhanced penalty under I.C. § 19–2520.

Immediately before the trial, however, the State filed an amended information. It charged Sherrod with aggravated battery by alleging that he "did willfully and unlawfully use force or violence upon the person of Richard Grammatico, causing great bodily harm and/or permanent disfigurement, to wit: by stabbing Richard Grammatico in the back, in violation of Idaho Code § § 18–903(a), 18–907(a)." The amended information included the same penalty enhancement allegation that was found in the original information. This amendment thus made two noteworthy changes in the charge against Sherrod. First, it abandoned the allegation, found in the original information, that the battery was "aggravated" due to use of a deadly weapon, I.C. § 18–907(b). Instead, it charged aggravated battery only under I.C. § 18–907(a), which refers to battery that "causes great bodily harm, permanent disability or permanent disfigurement." [1] Second, the amended information limited the injury that was alleged to constitute "great bodily harm or permanent disfigurement" to stabbing in the back.

Sherrod contends that Instruction No. 19, which defined the elements of aggravated battery for the jury, did not limit the jury's consideration to the offense described in the amended information. He also asserts that the jury's written verdict establishes that it did, in fact, find him guilty of an offense different from that charged. Instruction No. 19 informed the jurors as follows:

In order for the defendant to be guilty of Aggravated Battery, the state must prove each of the following:

1. On or about the 18th day of October, 1994;

2. in the state of Idaho;

3. the defendant Adam Sherrod committed a battery upon Richard Grammatico; and

4. when doing so the defendant caused great bodily harm, or permanent disfigurement,

or

used a deadly weapon or instrument.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

The verdict form asked the jury to determine whether Sherrod was guilty of aggravated battery and, if they responded affirmatively to the first question, whether he used a deadly weapon in the commission of the aggravated battery. [2] According to the responses on the verdict form, the jury found Sherrod guilty of aggravated battery, but also found that he did not use a deadly weapon in committing the crime.

---

1. I.C. § 18–907 states:
   A person commits aggravated battery who, in committing battery:
   (a) Causes great bodily harm, permanent disability or permanent disfigurement; or
   (b) Uses a deadly weapon or instrument; or
   (c) Uses any vitriol, corrosive acid, or a caustic chemical of any nature; or

(d) Uses any poison or other noxious or destructive substance or liquid.

2. The jury was not instructed that Sherrod could be found guilty if he aided and abetted others in the commission of the charged offense.

Sherrod is correct in asserting that Jury Instruction No. 19 was not consistent with the charge alleged in the amended information. The instruction departed from the charged offense in two ways: it allowed the jury to find Sherrod guilty of aggravated battery by use of a deadly weapon pursuant to I.C. § 18–907(b), an allegation which was contained in the original information but not in the amended pleading; and it allowed the jury to find that Sherrod caused great bodily harm or permanent disfigurement based upon any of the injuries that may have been suffered by the victim, whereas the amended information specifically limited the alleged injury to stabbing in the back. Thus, there were two variances between the State's charging instrument and the jury instructions.

■ We must next determine whether these variances are fatal to the jury's verdict. Whether a discrepancy between a charging instrument and a jury instruction is a harmless imperfection in the trial or prejudicial error that requires reversal is a question of law subject to free review on appeal. *Colwell I*, 124 Idaho at 565, 861 P.2d at 1230; *State v. McBride*, 123 Idaho 263, 265, 846 P.2d 914, 916 (Ct.App.1992).

■ In *State v. Windsor*, 110 Idaho 410, 716 P.2d 1182 (1985), the Idaho Supreme Court held that a variance between a charging document and a jury instruction requires reversal "only when it deprives the defendant of his right to fair notice or leaves him open to the risk of double jeopardy." *Windsor*, 110 Idaho at 417–18, 716 P.2d at 1189–90. In the present case, we perceive no risk of double jeopardy, and therefore our analysis focuses on the fair notice prong of this standard. This notice element "requires courts to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his defense." *Id.* at 418, 716 P.2d at 1190.

■ As to that portion of Instruction No. 19 which improperly allowed the jury to find that the battery was aggravated by reason of use of a deadly weapon, we conclude that the variance was not prejudicial for two reasons. First, the amended information contained the sentence enhancement allegation that Sherrod had used a deadly weapon in the commission of the offense. Sherrod was thus on notice that the question whether he had wielded the knife in the attack would be a factual issue which he must address at trial. Second, in that portion of the jury verdict pertaining to the sentence enhancement issue, the jury found that Sherrod did *not* personally use a deadly weapon. From this finding, we can only conclude that the jury found the battery to be "aggravated" based upon the infliction of great bodily harm or permanent disfigurement and not based upon the use of the knife.[3] Therefore, the district court's error in instructing the jury on aggravated battery by use of a deadly weapon did not contribute to the jury's verdict finding Sherrod guilty of aggravated battery and does not require that the conviction be set aside.

■ We reach a different conclusion, however, with respect to the other error in Instruction No. 19, which allowed the jury to make a finding of great bodily harm based upon injuries other than stab wounds. The amended information charged that Sherrod committed battery and caused great bodily injury by stabbing the victim in the back, not by any other means. As noted above, however, the jury expressly found that Sherrod did not use the knife. It follows that the jury necessarily found that Sherrod committed battery and inflicted great bodily harm or permanent disfigurement based upon injuries other than the stabbing. In sum, the jury's responses to the two questions on the verdict form show that Sherrod was found guilty of an offense different from that with which he was charged under the amended information.

■ Under Idaho statutes, a criminal defendant is entitled to be apprised by the

3. The knife was the only instrument that was asserted by the prosecutor to be a deadly weapon, and the trial evidence suggests no other weapon that could have inflicted the stab wounds.

charging instrument not only of the name of the offense charged but in general terms of the manner in which it is alleged to have been committed. *See* I.C. §§ 19–1303, –1409 (charging instrument must contain a statement of the acts constituting the offense); I.C. § 19–1411 (charging instrument must be direct and certain as it regards the particular circumstances of the offense charged); *State v. McMahan,* 57 Idaho 240, 246–47, 65 P.2d 156, 158 (1937) (An information must not only state the name of the alleged crime but also inform the accused as to how it is claimed he committed the offense.). Further, conviction of a crime different from that charged is a denial of due process guaranteed by the Fourteenth Amendment to the United States Constitution and Art. I, § 13 of the Idaho Constitution. *State v. Cariaga,* 95 Idaho 900, 902, 523 P.2d 32, 34 (1974); *McMahan,* 57 Idaho at 250, 65 P.2d at 160; *State v. Gilman,* 105 Idaho 891, 893, 673 P.2d 1085, 1087 (Ct.App.1983).

It is an inescapable conclusion that the variance between the charging instrument and the jury instructions in this case prejudiced Sherrod in the presentation of his defense. After the amendment of the information, Sherrod was not on notice that he was alleged to have inflicted any of the injuries other than the stab wounds. In particular, he was not on notice of a need to present evidence or argument that the victim's other injuries were of insufficient severity to amount to great bodily harm or permanent disfigurement. However, in view of the jury's answers to both questions on the verdict form, it is apparent that the jury found Sherrod guilty of battery for inflicting those other injuries, and also deemed those injuries to constitute great bodily harm or permanent disfigurement for purposes of elevating the offense from misdemeanor battery to aggravated battery. Hence, we conclude that the variance between the allegations of the amended information and the jury instructions was reversible error.

■ Ordinarily, the remedy for erroneous jury instructions is to afford the appellant a

new trial. *See State v. Chapa,* 127 Idaho 786, 790, 906 P.2d 636, 640 (Ct.App.1995); *Colwell I,* 124 Idaho at 567, 861 P.2d at 1232; *State v. Pinkney,* 115 Idaho 1152, 1154, 772 P.2d 1246, 1248 (Ct.App.1989); *State v. Spurr,* 114 Idaho 277, 280, 755 P.2d 1315, 1318 (Ct.App. 1988). Under the unique circumstances presented here, however, we conclude that collateral estoppel precludes retrial of Sherrod for the offense charged in the amended information.

■ Collateral estoppel, or issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Such a determination of a factual issue will preclude its relitigation if the resolution of that issue was necessary to support the prior judgment. *Schiro v. Farley,* 510 U.S. 222, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994). This principle of issue preclusion applies in criminal as well as civil cases. *Schiro, supra; Ashe, supra; State v. Powell,* 120 Idaho 707, 708, 819 P.2d 561, 562 (1991); *State v. Colwell,* 127 Idaho 854, 908 P.2d 156 (Ct.App.1995). Indeed, the United States Supreme Court has held that the doctrine of collateral estoppel is embodied in the Fifth Amendment's guarantee against double jeopardy. *Ashe,* 397 U.S. at 445, 90 S.Ct. at 1195.

■ Here, the amended information charged Sherrod with committing aggravated battery causing great bodily harm or permanent disfigurement "by stabbing Richard Grammatico in the back." The jury found that Sherrod did not use the knife, the instrument which, according to the prosecution, inflicted the stab wounds in the attack on Grammatico. The issue whether Sherrod "stabb[ed] Richard Grammatico in the back" has thus been decided by a jury adversely to the State. That finding was necessary to support the judgment that Sherrod was not subject to a sentence enhancement for use of a deadly weapon. Therefore, the State is

now collaterally estopped from retrying that issue on an allegation that Sherrod committed aggravated battery by stabbing Grammatico in the back, the sole charge in the amended information.

For the foregoing reasons, the judgment of conviction for aggravated battery is reversed.

PERRY, J., and WALTERS, Acting J., concur.