**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45175**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 17, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| CHAD STUART RITCHIE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of five years, for grand theft by possession of stolen property and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Chad Stuart Ritchie appeals from his judgment of conviction for grand theft by possession of stolen property with a persistent violator enhancement. Ritchie asserts that a fatal variance existed between the information and the jury instructions and that the district court abused its discretion by imposing an excessive sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Ritchie with grand theft by possession of stolen property with a persistent violator enhancement. I.C. §§ 18-2403(4), 18-2407(1), 18-2409, and 19-2514. A jury

1

found Ritchie guilty of the grand theft charge. Ritchie waived his right to a jury trial on the persistent violator enhancement, which the district court found following a court trial. The district court sentenced Ritchie to a unified term of twenty years, with a minimum period of confinement of five years. Ritchie appeals.

## II.

## STANDARD OF REVIEW

Whether there was a variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).

## III.

## ANALYSIS

### A.     Fatal Variance

For the first time on appeal, Ritchie asserts that there was a fatal variance between the charging document, the elements instruction, and the prosecutor's closing argument. Because Ritchie did not preserve this claim in district court, he must show the alleged error is fundamental. Ritchie has failed to do so.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The Court in *Perry* held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

2

Ritchie asserts that Jury Instruction 17 (the elements instruction) and the State's closing argument regarding the ways in which Ritchie committed grand theft by possession of stolen property created a fatal variance with the information in violation of his due process rights. In the information, the State alleged Ritchie committed grand theft by possession of stolen property, citing I.C. §§ 18-2403(4), 18-2407(1), and 18-2409. The State further alleged that Ritchie committed the charged offense by knowingly possessing a Ford Taurus, which belonged to another, "knowing the property to have been stolen or under circumstances as would reasonably induce [Ritchie] to believe that the property was stolen, and with the intent to deprive the owner permanently of the use or benefit of the property."

Jury Instruction 17 advised the jury:

In order for the defendant to be guilty of Grand Theft by Possession of Stolen Property as charged in Count I, the state must prove:
1. On or about August 5, 2016;
2. in the state of Idaho;
3. the defendant CHAD STUART RITCHIE, knowingly possessed a Ford Taurus valued in excess of One Thousand Dollars ($1,000.00);
4. either knowing the property was stolen by another or under such circumstances as would reasonably induce the defendant to believe the property was stolen;
5. such property was in fact stolen; and
6. any of the following occurred:
   (a) the defendant had the intent to deprive the owner permanently of the use or benefit of the property, or
   (b) the defendant knowingly used, concealed or abandoned the property in such manner as to deprive the owner permanently of the use or benefit of the property, or
   (c) the defendant used, concealed, or abandoned the property knowing that such use, concealment or abandonment would have probably deprived the owner permanently of the use or benefit of the property.
If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

In closing argument, the prosecutor asserted that the "evidence supports either a conclusion under subsection A or a conclusion under subsection B" of Jury Instruction 17.

The basis of Ritchie's argument is that the information only specifically alleged the type of intent set forth in subsection (a) of Jury Instruction 17, but Jury Instruction 17 allowed the jury

3

to find him guilty under subsections (b) and (c), and the prosecutor argued Ritchie could be found guilty under the unalleged intent set forth in subsection (b).[1]  According to Ritchie, the claimed variance was fatal because it deprived him of "notice and thus due process" thereby satisfying the first prong of the fundamental error analysis under *Perry*.  The State contends that there was no variance because subsections (a), (b), and (c) of I.C. § 18-2403 provide alternative definitions of the intent to deprive element, not three different crimes.  The State further contends that, even if there was a variance, any variance was not fatal because it did not alter the information to an extent Ritchie was tried for a crime of a greater degree or different nature.  We conclude there was no variance in this case.

Our task in resolving a variance claim is two-fold.  *State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001).  First, we must determine whether there was a variance between the information used to charge Ritchie with grand theft by possession of stolen property and the instructions presented to the jury.  *See id.*  Second, if a variance exists, we must examine whether the variance is fatal, *i.e.*, whether it rises to the level of prejudicial error requiring reversal of the conviction.  *Id.*  A variance is fatal if it amounts to a constructive amendment.  *State v. Jones*, 140 Idaho 41, 49, 89 P.3d 881, 889 (Ct. App. 2003).  A constructive amendment, as opposed to a mere variance, occurs if a variance alters the charging document to the extent the defendant is tried for a crime of a greater degree or a different nature.  *Id.*; *State v. Colwell*, 124 Idaho 560, 566, 861 P.2d 1225, 1231 (Ct. App. 1993).  In other words, a variance between a charging document and a jury instruction requires reversal only when it deprives the defendant of fair notice of the charge against which the defendant must defend or leaves him or her open to the

---

[1]      Although Ritchie claims that the instruction "combined with the prosecutor's assertion at closing" resulted in a fatal variance, Ritchie cites no authority for the proposition that a variance can be based on the prosecutor's closing argument.  A variance occurs when there is a difference between the allegations in the charging instrument and the proof adduced at trial or where there is a disparity between the allegations in the charging instrument and the jury instructions.  *State v. Montoya*, 140 Idaho 160, 165, 90 P.3d 910, 915 (Ct. App. 2004).  Regardless, because the prosecutor's argument was based on Jury Instruction 17, resolution of whether there was a fatal variance based on the jury instruction encompasses the closing argument aspect of Ritchie's variance claim.

4

risk of double jeopardy.[2] *State v. Wolfrum*, 145 Idaho 44, 47, 175 P.3d 206, 209 (Ct. App. 2007). The notice element requires courts to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his or her defense. *State v. Windsor*, 110 Idaho 410, 418, 716 P.2d 1182, 1190 (1985).

Turning to the first step in the analysis, we consider the allegations in the information as compared to the relevant jury instruction, Jury Instruction 17. The information alleged, in relevant part, that Ritchie violated I.C. § 18-2403(4). Section 18-2403(4) provides:

> (4) A person commits theft when he knowingly receives, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and
> (a) Intends to deprive the owner permanently of the use or benefit of the property; or
> (b) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
> (c) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

The statutory language set forth in subsections (a)-(c) above mirrors the language in paragraph six of Jury Instruction 17. The specific allegation regarding intent included in the information uses the language "intent to deprive the owner permanently of the use or benefit of the property." Ritchie's variance argument is premised on the assertion that this language is based on subsection (a) of I.C. § 18-2403(4), even though the information expresses no such limitation in its citation to the applicable code section. Ritchie's argument fails because all three subsections included in I.C. § 18-2403(4) include, in some fashion, the intent to permanently deprive the owner of the use or benefit of the stolen property. Indeed, the words "deprive," "owner," "permanent," "benefit" and "use," or some variation thereof, appear in all three subsections of I.C. § 18-2403(4). The State's reference to I.C. § 18-2403(4) and the intent language used in the information was adequate to provide Ritchie notice that he was being charged with grand theft as defined in I.C. § 18-2403(4), including the alternative definitions of intent in subsections (a)-(c). *Cf. Jones*, 140 Idaho at 758-59, 101 P.3d at 702-03 (holding that, in

---

[2] On appeal, Ritchie does not argue that the claimed variance left him open to the risk of double jeopardy. Ritchie only contends that the alleged variance deprived him of notice.

considering unpreserved due process challenges to a charging document, the reviewing court has considerable leeway to imply the necessary allegations from the language of the information). Because Jury Instruction 17 was consistent with the charged offense, there was no variance. As such, we need not consider whether the alleged variance was fatal.

Ritchie has failed to meet his burden of showing a constitutional violation under the first prong of the *Perry* analysis. Ritchie has, therefore, failed to meet his burden of showing fundamental error.[3]

## B. Excessive Sentence

Ritchie argues that his sentence is excessive in light of the mitigating evidence, including his upbringing, past sexual abuse, mental health concerns, addictions, acceptance of responsibility, and remorse. Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In sentencing Ritchie, the district court considered the objectives of sentencing, including the protection of society and rehabilitation. Applying the standards governing sentencing

---

[3] With respect to the second prong of *Perry*, Ritchie asserts that he satisfies this prong because "it was surely not a tactical decision" for him not to object because he was pro se. Assuming, without deciding, that a pro se litigant can ever seek fundamental error review for his own failure to object, a claim of lack of legal knowledge is insufficient.

decisions, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.

## CONCLUSION

We conclude that Ritchie has failed to show fundamental error due to any alleged variance between the information and the elements jury instruction. Further, Ritchie has not shown that his sentence is excessive. Accordingly, Ritchie's judgment of conviction and sentence for grand theft by possession of stolen property and being a persistent violator is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.